Lawrence Spasojevich, Esq.
*Attorney for Plaintiff*
9224 Queens Boulevard #740010
Rego Park, New York 11374
Email: ls@spasojevichlaw.com
Telephone: (914) 487-3592

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

___

ALEKSEI PANOV,

                            CASE NO.

         Plaintiff,         **COMPLAINT**

-against-

PRESTIGE WINDOW WORKS CORPORATION,

                            ECF Case,

         Defendant.

___

      Plaintiff, ALEKSEI PANOV, on behalf of Plaintiff, by and through the undersigned attorneys, Lawrence Spasojevich, Esq., hereby files this Complaint against Defendant, PRESTIGE WINDOW WORKS CORPORATION and states as follows:

**INTRODUCTION**

1. Plaintiff alleges that, under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff is entitled to recover from Defendant: (1) unpaid wages at the lawful wage rate; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that under the New York Labor Law ("NYLL"), Plaintiff is entitled to recover from the Defendant: (1) unpaid wages at the lawful rate; (2) statutory

penalties; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337, and 1343, and has supplemental jurisdiction over Plaintiff state law claims under 28 U.S.C. § 1367.

4. Venue is proper in the EASTERN DISTRICT OF NEW YORK pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff, ALEKSEI PANOV, is an adult resident of Queens County, New York.

6. Upon information and belief, Defendant, PRESTIGE WINDOW WORKS CORPORATION, is a business corporation, existing under the laws of the State of New York, with a place of business located at the following address:

    1955 East 7th Street Apt. #2D

    Brooklyn, New York

7. At all relevant times, Defendant, PRESTIGE WINDOW WORKS CORPORATION, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

8. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendant and engaged in activity involving interstate commerce.

9. At all relevant times, Defendant knowingly and willfully failed to pay Plaintiff the overtime wage rate for all hours worked over forty (40) hours in a workweek in contravention of the FLSA.

10.     At all relevant times, Defendant knowingly and willfully failed to pay Plaintiff the overtime wage rate for all hours worked over forty (40) hours in a workweek in contravention of the NYLL.

### STATEMENT OF FACTS

11.     Plaintiff was employed by Defendant from in or about July 25, 2023 to November 5, 2024 as a windows installer.

12.     Plaintiff's duties and responsibilities included construction and installation of windows as well as window and woodwork.

13.     Plaintiff qualifies as a "blue collar worker" pursuant to C.F.R. § 541.3.

14.     Plaintiff's method of compensation was piece rate.

15.     Upon recall and recollection, Plaintiff worked a schedule Monday through Friday 8:00 a.m. to 6:30 p.m. and Saturdays 8:00 a.m. to 6:30 p.m. twice a month during the year of 2023; or sixty three (63) hours.

16.     Plaintiff's weekly rate, as determined by the hours work by total compensation, was ten percent at the begining and raising to sixteen percent towards the end of employment and was entitled to compensation of an overtime rate of $28.57 for all hours worked over forty (40) in a work week.

17.     Defendant did not utilize a timekeeping device at the workplace to track hours worked by Plaintiff.

18.     Plaintiff was not properly compensated wages at the overtime wage rate for all hours worked over forty (40) in a workweek.

19.     Defendant knowingly and willfully operated business with a policy of not paying Plaintiff wages for hours worked over forty (40) hours in a workweek at the overtime wage rate in

violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

20. At all relevant times, upon information and belief, and during Plaintiff's employment, the Defendant failed to maintain accurate and sufficient time records.

21. Defendant did not provide Plaintiff with an accurate wage statement or summary, accurately accounting for the actual hours worked, and setting forth the hourly rate of pay and overtime wages.

22. Upon information and belief, this was done to disguise the actual number of hours the Plaintiff worked and to avoid paying the overtime wage for all hours worked over forty (40) hours in a workweek.

23. As a result of not Defendant willfully withholding a wage statement or summary, Plaintiff was tangibly affected as Plaintiff did not have the means, knowledge, or ability to challenge, investigate, or advocate for the lawful wages owed by Defendant.

24. Defendant willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

25. Plaintiff has been substantially damaged by the Defendant's wrongful conduct.

## COUNT 1
### [Failure to provide a Wage Notice]

26. Plaintiff re-alleges and re-avers each and every allegation and statement contained in preceeding paragraphs of this Complaint as if fully set forth herein.

27. The New York State Wage Theft Prevention Act and N.Y.L.L. § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

28. Defendant, PRESTIGE WINDOW WORKS CORPORATION, willfully failed to supply Plaintiff with a wage notice, as required by N.Y.L.L., § 195(1), within ten (10) days of the start of employment.

29. Through the knowing or intentional failure to provide the Plaintiff with the wage notice required by the N.Y.L.L., Defendant, PRESTIGE WINDOW WORKS CORPORATION, willfully violated N.Y.L.L. Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

30. Due to Defendant, PRESTIGE WINDOW WORKS CORPORATION's, willful violations of N.Y.L.L., Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty ($50.00) dollars each day that Defendant, PRESTIGE WINDOW WORKS CORPORATION, failed to provide Plaintiff with a wage notice and reasonable attorney's fees and costs as provided for by N.Y.L.L., Article 6 §198(1-b).

## COUNT 2
### [Failure to provide Wage Statements]

31. Plaintiff re-alleges and re-avers each and every allegation and statement contained in preceeding paragraphs of this Complaint as if fully set forth herein.

32. Defendant, PRESTIGE WINDOW WORKS CORPORATION, willfully failed to supply Plaintiff with an accurate wage statement as required by N.Y.L.L., § 195(3).

33. Through knowing or intentional failure to provide the Plaintiff with an accurate wage statement as required by the N.Y.L.L., Defendant, PRESTIGE WINDOW WORKS CORPORATION, willfully violated N.Y.L.L. Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

34. Due to Defendant, PRESTIGE WINDOW WORKS CORPORATION's, willful violations of N.Y.L.L., Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two

hundred and fifty dollars ($250.00) dollars each day that Defendant, PRESTIGE WINDOW WORKS CORPORATION, failed to provide Plaintiff with wage statements as well as and reasonable attorney's fees and costs as provided for by N.Y.L.L., Article 6 §198(1-d).

## COUNT 3
### [Violation of the Fair Labor Standards Act – Failure to Pay An Overtime Wage]

35. Plaintiff re-alleges and re-avers each and every allegation and statement contained in the preceding paragraphs of this Complaint as if fully set forth herein.

36. At all relevant times, upon information and belief, Defendant was/were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

37. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

38. Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

39. Plaintiff was entitled to be paid for all hours worked over forty (40) hours in a workweek at the overtime wage rate as provided for in the FLSA.

40. Defendant failed to pay Plaintiff compensation in the lawful amount for all hours worked over forty (40) hours in a workweek as provided for in the FLSA.

41. At all relevant times, Defendant had and continue to have a policy and practice of refusing to pay Plaintiff for all hours worked over forty (40) hours in a workweek at the overtime wage rate, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

42. Defendant knowingly and willfully disregarded the provisions of the FLSA, as evidenced by the failure to compensate Plaintiff for all hours worked over forty (40) hours in a workweek at

the overtime wage rate when Defendant knew or should have known such was due and that non-payment of an overtime rate would financially injure Plaintiff.

43. Defendant have failed to make, keep and preserve records concerning each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

44. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

45. Defendant failed to properly disclose or apprise Plaintiff of the rights under the FLSA.

46. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages under the FLSA.

47. Due to the intentional, willful and unlawful acts of the Defendant, Plaintiff suffered damages in and entitled to an award of, an amount not presently ascertainable of unpaid wages at the overtime wage rate and, an equal amount as liquidated damages, and prejudgment interest.

48. Plaintiff is also entitled to an award of its reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 5
**[Violation of the New York Labor Law – Failure to Pay Overtime Wages]**

49. Plaintiff re-alleges and re-avers each and every allegation and statement contained in preceeding paragraphs of this Complaint as if fully set forth herein.

50. The wage provisions of the N.Y.L.L. apply to Defendants and protect the Plaintiff.

51. Defendant, PRESTIGE WINDOW WORKS CORPORATION, pursuant to its policies and practices, refused and failed to pay a wage rate for all hours worked over forty in a work week at the applicable overtime rate.

52. By failing to compensate Plaintiff a wage rate for all hours worked over forty in a work week at the applicable overtime rate, Defendant, PRESTIGE WINDOW WORKS CORPORATION, violated Plaintiff's statutory rights under the N.Y.L.L..

53. The forgoing conduct, as alleged, constitutes a willful violation of the N.Y.L.L. without a good or reasonable basis.

54. Therefore, Defendant, PRESTIGE WINDOW WORKS CORPORATION, knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff a wage rate for all hours worked over forty in a work week at the applicable overtime rate.

55. Due to the Defendant, PRESTIGE WINDOW WORKS CORPORATION's, N.Y.L.L. violations, Plaintiff is entitled to recover from Defendant, PRESTIGE WINDOW WORKS CORPORATION, unpaid wages at the overtime wage rate for all hours worked over forty in a work week, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to N.Y.L.L. § 663(1) et al. and§ 198. Plaintiff also seeks liquidated damages pursuant to N.Y.L.L. § 663(1).

## **DEMAND FOR A JURY TRIAL**

56. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff request that this Court grant the following relief:

(a)   An award of unpaid wages at the applicable lawful wage rate under the FLSA;

(b)   An award of liquidated damages as a result of Defendant's failure to pay wages that the lawful wage rate pursuant to 29 U.S.C. § 216;

(c)   An award of unpaid wages at the applicable wage rate under the NYLL;

(d)   An award of liquidated damages and statutory penalties as a result of Defendant's failure to pay wages at the lawful wage rate, failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to the NYLL;

(e)   An award of prejudgment and post-judgment interest;

(f)   An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g)   Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
November 18, 2024

Respectfully submitted,

By: *Lawrence Spasojevich*
Lawrence Spasojevich, Esq.