

9224 QUEENS BOULEVARD
#740010
REGO PARK, NY 11374
SPASOJEVICHLAW.COM
(914) 487-3592

Hon. Sanket J. Bulsara
United States District Court
Eastern District of New York
100 Federal Plaza
Courtroom 930
Central Islip, New York 11722
**Filed via ECF**

January 14, 2025

**RE:** *Aleksei Panov vs. Prestige Window Works Corporation*
**Docket No. 1:24-cv-8199 (Response to Court's January 9, 2025 Order)**

Dear Judge Bulsara:

Please allow this correspondence to serve as a response to the Court's January 9, 2025 Order.

The Court requested an explanation as to why "the events or omissions giving rise to the claim or claims, or substantial part thereof, occur[red] in Nassau of Suffolk County". Plaintiff acknowledges and understands the Court's inquiry, especially when the Parties appear to be located within the five boroughs of the City of New York.

However, in this matter, a majority of the work performed by Plaintiff was conducted in Nassau and Suffolk County installing windows and other fixtures on homes.

Although arguably the "events" that took place regarding the underpayment of wages occurred in Brooklyn, New York or Queens, New York, Plaintiff applied the same review as the Court would when considering a motion to change venue. Venue is proper under 28 U.S.C. 1931(b) where a significant amount of work giving rise to the alleged violations of the FLSA were performed in the district where the action is filed. *See Holmes v. Romeo Enterprises, LLC,* No. 15-cv-3915 (S.D.N.Y. Nov. 2, 2015)(venue proper where 'alleged overtime hours' were worked); *Scalia v. KDE Equine, LLC,* No. 19-cv-3389 (E.D.N.Y. July 28, 2020); *Marcus v. Am. Contract Bridge League*, 562 F. Supp. 2d 360, 363 (D. Conn. 2008).

Therefore, as a majority of the labor performed by Plaintiff was within Nassau and Suffolk County, the "events or omissions" giving rise to Plaintiff's claim occurred in those counties.

I thank the Court for its attention to this matter.

Pg. 2

Respectfully,

_____/s/_____
Lawrence Spasojevich, Esq.