Lawrence Spasojevich (LS 0945)
Spasojevich Law, P.C.
*Attorneys for Plaintiff*
52 Duane Street, 7th Floor
New York, New York 10007
Tele:   (914) 487-3592
Email: ls@spasojevichlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ALEKSEI PANOV,

|  |  |
|---|---|
|  | CASE NO. 2:24-CV-8199 |
| Plaintiff(s), | **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR DEFAULT JUDGMENT** |

-against-

PRESTIGE WINDOW WORKS CORPORATION,

ECF Case,

Defendant(s).

---

1

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................ 5

BACKGROUND FACTS AND PROCEDURAL HISTORY ........................................... 6

STANDARD OF REVIEW .............................................................................................. 7

ARGUMENT ...................................................................................................................... 9

  I.   This Court Has Proper Jurisdiction For This Action ................................................ 9

    a.   This Court has Jurisdiction Under Individual Coverage for the FLSA Claims ............. 9

    b.   This Court has Jurisdiction Under Enterprise Coverage for the FLSA Claims ........... 10

    c.   This Court has Supplemental Jurisdiction for the NYLL Claims. ............................... 11

    d.   Plaintiff's Claims are Within The Applicable Statute of Limitations ......................... 11

    e.   Defendant Was Properly Served and Failed to Plead Or Otherwise Defend ............... 12

  II.   Plaintiff is a Covered Employee Under the FLSA and NYLL ................................. 12

    a.   Plaintiff has Establish that the Defendant is an Employer ........................................... 12

    b.   Plaintiff Is A Covered Employee Under the FLSA and NYLL .................................... 13

  III.   Defendant Is Liable For Its Failure To Properly Pay Plaintiff Wages At the Overtime Rate.   14

  IV.   Defendant Is Liable For Its Failure To Provide Plaintiff With Statutorily Required Wage Statements ................................................................................................................... 14

  V.   Defendant is Liable For Its Failure to Provide Plaintiff With Statutorily Required Wage Notices .......................................................................................................................... 15

  VI.   Plaintiff is Entitled To Damages For Defendant's Violations Of The FLSA and NYLL. 16

    a.   Plaintiff's Overtime Damage Calculation ................................................................... 16

    b.   Defendant's Violations Are Deemed Willful For the Purposes of Damage Calculations on Default .................................................................................................................... 17

    c.   Hearing Concerning Damages Is Unnecessary As Plaintiff Has Filed Detailed Declarations Concerning Its Damages. ............................................................................ 17

  VII.   Plaintiff Is Entitled To Interest On Its Damages ...................................................... 18

    a.   Plaintiff Is Entitled to Pre-Judgment Interest .............................................................. 18

    b.   Plaintiff Is Entitled to Post-Judgment Interest ............................................................ 20

    c.   Plaintiff Is Entitled to Increased Interest In the Event Defendant Fails to Pay ........... 20

  VIII.   Plaintiff Is Entitled To Attorneys' Fees and Costs .................................................. 20

    a.   Plaintiff is the Prevailing Party ................................................................................... 21

CONCLUSION .............................................................................................................. 22

## TABLE OF AUTHORITIES

**Cases**

*Angamarca v. Pita Grill 7 Inc.*, 2012 U.S. Dist. LEXIS 108322 (S.D.N.Y. Aug. 2, 2012) ......... 18

*Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) ......................... 17

*Belizaire v. RAV Investigative and Sec. Servs. LTD.*, 61 F. Supp. 3d 336, 345 (S.D.N.Y 2014) .. 5, 18

*Chen v. Major League Baseball,* 6 F.Supp.3d 449, 454 (S.D.N.Y. 2014)...................................... 13

*City of N.Y. v. Mickalis Pawn Shop*, *LLC*, 645 F.3d 114, 128 (2d Cir. 2011) ............................... 7

*Coley v. Vannguard Urban Improvement Ass'n, Inc*., No. 12-CV-5565, 2016 WL 4179942, at *3 (E.D.N.Y. Aug. 5, 2016) ........................................................................................... 7, 11

*Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) ....................... 8

*Fermin v. Las Delicias Peruanas Rest., Inc.,* 93 F.Supp.3d 19, 35 (E.D.N.Y. 2015) ....... 12, 13, 19

*Finkel v. Romanowicz*, 577 F.3d 79, 87 (2d Cir. 2009) ................................................................ 18

*Fustok v. Conticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ....................................... 18

*Gamero v. Koodo Sushi Corp.*, 272 F.Supp. 3d 481, 515 (S.D.N.Y. 2017) ................................. 19

*Gore v. RBA Grp.*, *Inc*., No. 03-CV-9442 (S.D.N.Y. Mar. 27, 2009) .......................................... 12

*Gunawan v. Sake Sushi Rest.,* 897 F.Supp.2d 76, 83 (E.D.N.Y. 2012)........................................ 16

*Helix Energy Sols. Grp. v. Hewitt*, No. 21-984 (Feb. 22, 2023).................................................... 13

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)........................................................................... 21

*Herman v. RSR Sec. Servs. Ltd.,* 172 F.3d 132, 139 (2d. Cir. 1999) ............................................ 13

*Herrera v. Tri-State Kitchen & Bath, Inc.*, No. 14-CV-1695 (ARR) (MDG),  (E.D.N.Y. Mar. 31, 2015) ............................................................................................................................. 11

*Kantor v. Air Atl. Med., P.C.*, No. 19-CV-03597, 2021 WL 3888067 (E.D.N.Y. July 7, 2021)... 9, 10

*Kelly v. Vesnaver*, No. 16-CV-883, 2017 WL 2389506 (E.D.N.Y. Apr. 11, 2017) ..................... 12

*Khan v. Nyrene, Inc.,* No. 18-CV-557, 2020 WL 1931282, (E.D.N.Y. Mar. 11, 2020).............. 10

*Kuebel v. Black & Decker, Inc.,* 643 F.3d 352, 366 (2d Cir. 2011)............................................... 11

*Leon v. Zita Chen*, No. 16-CV-480, 2017 WL 1184149, at *3 (E.D.N.Y. Mar. 29, 2017) ........... 7

*Lundy* v. *Catholic Health Sys. of Long Island, Inc.,* 711 F.3d 106, 114 (2d Cir. 2013) .............. 14

*Maldonado v. La Nueva Rampa, Inc.*, 2012 U.S. Dist. LEXIS 67058 (S.D.N.Y. May 14, 2012) 18

*McBeth v. Gabrielli Trucks Sales, Ltd.,* 768 F.Supp.2d 383, 387 (E.D.N.Y. 2010)...................... 13

*Nakahata* v. *New York-Presbyterian Healthcare Sys.,* 723 F.3d 192, 201 (2d Cir. 2013)........... 14

*Natale v. Country Ford Ltd.*, No. CV 10-4128 (ADS) (GRB), 2014 U.S. Dist............................ 17

*Ramirez v. H.J.S. Car Wash Inc.*, CV-11-2664 (VVP) (E.D.N.Y. Apr. 9, 2013)......................... 11

*Rodriguez v. Queens Convenience Deli Corp.*, No. 09-cv- 1089(KAM)(SMG) (E.D.N.Y. Oct. 18, 2011) ............................................................................................................................. 18

*Romero v. Floris Constr., Inc.*, 1:16-CV-04282 (PKC) (RLM) (E.D.N.Y. Nov. 20, 2017)........... 8

*Rosendo v. Everbrighten, Inc.*, No. 13-CV-7256 (JGK), (S.D.N.Y. July 28, 2015) .................... 20

*S.E.C. v. Anticevic*, No. 05-CV-6991, 2009 WL 4250508, at *2 (S.D.N.Y. Nov. 30, 2009) ........ 7

*Saucedo v. On the Spot Audio Corp.*, No. 16-CV-00451, 2016 WL 8376837, at *3 (E.D.N.Y. Dec. 21, 2016)........................................................................................................... 8, 19

*Sevilla v. House of Salads One LLC*, 20-CV-6072 (PKC) (CLP) (E.D.N.Y. Mar. 30, 2022) ........ 9

*Shariff v. Alsaydi*, No. 11-CV-6377 (FB)(SMG) (E.D.N.Y. July 26, 2013) ............................... 21

*Soto v. Miss Laser, Inc.*, 19-CV-04745 (HG) (CLP) (E.D.N.Y. Jan. 19, 2023) ........................... 11

*Texas State Teachers Ass'n v. Garland Indep. Sch. Dist*., 489 U.S. 782, 792 (1989) ................. 21

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 108 (2d Cir. 1997)..................................................................................................... 7

*Wicaksono v. XYZ 48 Corp.*, 2011 U.S. Dist. LEXIS 55771 (S.D.N.Y. May 2, 2011) ................. 5

*Wicaksono v. XYZ 48 Corp.,* No. 10-CV-3635 (LAK) (JCF)(S.D.N.Y. May 2, 2011) ............... 12

*Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14-CV-10234 (JGK) (JLC) (S.D.N.Y. Sept. 8, 2016) ............................................................................................................................................ 17

**Statutes**

N.Y. Labor Law § 195(1) ........................................................................................................... 15

12 NYCRR § 142-2.2 ................................................................................................................. 14

12 NYCRR § 142-2.6(a) ............................................................................................................... 8

28 U.S.C. § 1961(a) .................................................................................................................... 20

29 U.S.C. § 207(a) ........................................................................................................................ 5

29 U.S.C. § 207(a)(1) ................................................................................................................. 14

29 U.S.C. § 216(b) ............................................................................................................... 17, 20

29 U.S.C. § 260 .......................................................................................................................... 17

Fed. R. Civ. P 4(e) ..................................................................................................................... 12

N.Y. C.P.L.R. § 5001(b) ............................................................................................................ 19

N.Y. C.P.L.R. § 5004(a) ............................................................................................................ 19

N.Y. Labor Law § 198(1-b) .................................................................................................. 15, 16

N.Y. Labor Law § 198(1-d) ....................................................................................................... 15

N.Y. Labor Law. § 195(3) .......................................................................................................... 15

NYCCRR tit. 12 § 142 *et seq.*...................................................................................................... 8

NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) .................... 5

NYLL § 195(3) .............................................................................................................................. 5

NYLL § 198(1-a) .................................................................................................................... 17, 21

NYLL § 652(1) .............................................................................................................................. 5

NYLL § 663(4) ............................................................................................................................ 20

## PRELIMINARY STATEMENT

Plaintiff, ALEKSEI PANOV, brought the instant action against Defendant, PRESTIGE WINDOW WORKS CORPORATION, Plaintiff brought this action to recover for Defendant's willful violations of (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the FLSA's minimum wage provisions, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) the NYLL's minimum wage provisions, NYLL § 652(1); (v) the NYLL's requirement that employers provide on each payday proper wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (vi) the requirement that employers furnish employees with a wage notice at the time of hiring and/or on an annual basis containing specific categories of information, NYLL § 195(1).

Plaintiff properly served the Defendant via New York Secretary of State on December 10, 2024. The time for Defendant to answer or otherwise respond within twenty-one (21) days of December 10, 2024 to Plaintiff's Complaint has expired Plaintiff filed a request for and received a Clerk's Certificate of Default. As such, Plaintiff respectfully submits this Memorandum of Law in support of the motion of default judgment and damages.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

For a detailed recitation of the underlying facts and procedural history of this action, as well as other relevant information, Plaintiff refers the Court to the Declaration of Lawrence Spasojevich, Esq. ("Spasojevich Decl.") as well as its accompanying exhibits.

## STANDARD OF REVIEW

"A default judgment is ordinarily justified where a defendant fails to respond to the complaint." *S.E.C. v. Anticevic*, No. 05-CV-6991, 2009 WL 4250508, at *2 (S.D.N.Y. Nov. 30, 2009). "Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation." *City of N.Y. v. Mickalis Pawn Shop*, *LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (internal quotation marks and citation omitted). Rule 55 outlines two steps for entry of judgment against a party that fails to respond or defend: first, the clerk enters the party's default; second, a district court judge enters the default judgment. Fed. R. Civ. P. 55(b). "A district court is empowered under Rule 55(b)(2), in the exercise of its discretion, to 'conduct hearings or make referrals' as may be necessary, *inter alia*[,] to determine the amount of damages or establish the truth of the plaintiff's allegations." *Mickalis Pawn Shop*, 645 F.3d at 129 (quoting Fed. R. Civ. P. 55(b)(2)).

While "a default judgment deems all the well-pleaded allegations in the pleadings to be admitted," *Transatlantic Marine Claims Agency*, *Inc. v. Ace Shipping Corp.*, *Div. of Ace Young Inc.*, 109 F.3d 105, 108 (2d Cir. 1997), the Court must "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Mickalis Pawn Shop*, 645 F.3d at 137 (alterations in original) (internal quotation marks omitted) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *see Coley v. Vannguard Urban Improvement Ass'n*, *Inc.*, No. 12-CV-5565 (E.D.N.Y. Aug. 5, 2016).

"An employee seeking to recover unpaid wages 'has the burden of proving that he performed work for which he was not properly compensated.'" *Leon v. Zita Chen*, No. 16-CV-480, 2017 WL 1184149, at *3 (E.D.N.Y. Mar. 29, 2017) (quoting *Jiao v. Chen*, No. 03-CV-165,

2007 WL 4944767, at *2 (S.D.N.Y. Mar. 30, 2007)). Federal and state laws mandate that employers maintain "records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him." *Id*. (quoting 29 U.S.C. § 211(c)); *see also* 12 NYCRR § 142-2.6(a) ("[e]very employer shall establish, maintain and preserve for not less than six years, weekly payroll records"). For default judgments concerning the FLSA and NYLL claims, "the plaintiff's recollection and estimates of hours worked are presumed to be correct." *Saucedo v. On the Spot Audio Corp*., No. 16-CV-00451 (E.D.N.Y. Dec. 21, 2016), *report and recommendation adopted*, No. 16-CV-451, 2017 WL 780799 (E.D.N.Y. Feb. 28, 2017) (quoting *Gunawan v. Sushi Sake Rest*., 897 F. Supp. 2d 76, 83-84 (E.D.N.Y. 2012)).

Once a court establishes liability within a default judgment, the court then calculates damages accordingly. *See Credit Lyonnais Sec. (USA)*, *Inc*. *v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (noting that courts must conduct inquiries to determine damages rather than rely upon alleged amounts). A court may determine damages in a default judgment from affidavits alone so long as the court can establish a basis for the damages. *Romero v. Floris Constr., Inc.*, 1:16-CV-04282 (PKC) (RLM) (E.D.N.Y. Nov. 20, 2017).

## ARGUMENT

**I.    This Court Has Proper Jurisdiction For This Action**

a.    _This Court has Jurisdiction Under Individual Coverage for the FLSA Claims_

"To establish individual coverage, the employee must perform work involving or related to the movement of persons or things . . . among the several States or between any State and any place outside thereof." _Kantor v. Air Atl. Med., P.C._, No. 19-CV-03597, 2021 WL 3888067 (E.D.N.Y. July 7, 2021) (citations and internal quotation marks omitted), _report and recommendation adopted_, No. 19-CV-3597, 2021 WL 3884193 (E.D.N.Y. Aug. 31, 2021).

The Complaint must do more than allege that Plaintiff engaged in interstate commerce or handled goods in interstate commerce-it must plead sufficient facts to "support an assertion that a _substantial part_ of Plaintiff's work closely relates to interstate commerce" to establish individual coverage under the FLSA. _Jones v. SCO Family of Servs._, 202 F.Supp.3d 345, 351 (S.D.N.Y. 2016).

Here, in this matter, Plaintiff has adequately stated individual coverage by alleging that it regularly handled goods in interstate commerce. Specifically, Plaintiff's duties included construction and installation of windows as well as window and woodwork in the State of New York and occasionally New Jersey. Furthermore, Plaintiff, upon information and belief, installed windows and other wood working items that were ordered from outside the State of New York. _See Sevilla v. House of Salads One LLC_, 20-CV-6072 (PKC) (CLP) (E.D.N.Y. Mar. 30, 2022) ("Both Plaintiffs have established coverage by alleging that they regularly handled goods in interstate commerce. (Compl., Dkt. 1, ¶¶ 36, 53.) "). Thus, Plaintiff's duties, as directly related to interstate commerce, satisfy the individual coverage requirement for its FLSA claims.

9

b.      _This Court has Jurisdiction Under Enterprise Coverage for the FLSA Claims_

A complaint that simply and "sufficiently alleges that "the enterprise [had] receipts greater than $500,000, and at least some employees . . . 'handle[d], s[old], or otherwise work[ed] on goods or materials that [had] been moved in or produced for interstate commerce.'" _Kantor_, 2021 WL 3888067, at *4.

As this Court has held, this is not a high hurdle for Plaintiff to clear as "[C]ourts have 'noted that virtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA.'" _Id_. (quoting _Shim_, 2009 WL 211367, at *3)."

Further, at the pleading stage, Plaintiff does not need to specify the exact origin of the goods that Defendant's employees handled-she simply needs to provide sufficiently specific facts to allow the Court to infer that those goods originated outside of New York. _Khan v. Nyrene, Inc.,_ No. 18-CV-557, 2020 WL 1931282, (E.D.N.Y. Mar. 11, 2020) (finding it reasonable "to assume that a [business] with over $500,000 in annual sales . . . does not rely exclusively on goods and equipment from New York State"), _report and recommendation adopted_, No. 18-CV-557, 2020 WL 1929066 (E.D.N.Y. Apr. 21, 2020).

Even where a plaintiff does not specify what types of goods the employer of a defendant handled in interstate commerce, courts have found it reasonable to infer enterprise coverage from "the nature of an employer's business."" _Soto v. Miss Laser, Inc._, 19-CV-04745 (HG) (CLP) (E.D.N.Y. Jan. 19, 2023).

Here, Plaintiff both sufficiently establishes via the allegation that Defendant has gross receipts over $500,000.00 and, by stating that Defendant's business was the installation of windows and other housing fixtures ordered from outside the State of New York as well as

10

performing installations in New Jersey, which by its nature establishes that the business handled goods in interstate commerce.

c.      *This Court has Supplemental Jurisdiction for the NYLL Claims.*

"The claims arising under New York law are so related to the FLSA claims that they form part of the same case or controversy, and are therefore within the supplemental jurisdiction of the court pursuant to 28 U.S.C. § 1367." *Ramirez v. H.J.S. Car Wash Inc.*, CV-11-2664 (VVP) (E.D.N.Y. Apr. 9, 2013).

Here, as both the FLSA and the NYLL claims predominantly involve the underpayment of wages, this Court has supplemental jurisdiction over the NYLL claims.

d.      *Plaintiff's Claims are Within The Applicable Statute of Limitations*

i.      *Plaintiff's FLSA Claims are Timely*

"The statute of limitations for an FLSA claim is two years, unless the violation is 'willful,' in which case it is three years." *Kuebel v. Black & Decker, Inc.,* 643 F.3d 352, 366 (2d Cir. 2011) (citing 29 U.S.C. § 255(a)). On a motion for default judgment, allegations of willful FLSA violations are sufficient to establish willfulness. *See Coley v. Vannguard Urban Improvement Ass'n,* No. 12-CV-5565 (PKC) (RER), (E.D.N.Y. Aug. 5, 2016); *Herrera v. Tri-State Kitchen & Bath, Inc.*, No. 14-CV-1695 (ARR) (MDG),  (E.D.N.Y. Mar. 31, 2015) (adopting report and recommendation) ("Generally, courts have found that a defendant's default establishes willfulness.").

Here, Plaintiff's claims began on or about July 25, 2023 and ended on or about November 5, 2024. Thus, Plaintiff's claims, in full or in part, are with the statute of limitations for the FLSA.

ii.    *Plaintiff's NYLL Claims Are Timely*

"The statute of limitations under the NYLL is six years. *Wicaksono v. XYZ 48 Corp.,* No.

10-CV-3635 (LAK) (JCF)(S.D.N.Y. May 2, 2011) (citing NYLL § 663(3)), report and

recommendation adopted, 2011 WL 2038973 (S.D.N.Y. May 24, 2011). "

Here, Plaintiff's claims began on July 25, 2023 and ended on November 5, 2024. Thus,

Plaintiff's claims, in full or in part, are with the statute of limitations for the NYLL.

e.    <u>*Defendant Was Properly Served and Failed to Plead Or Otherwise Defend*</u>

Service is proper if made in accordance with the laws of the state in which the district

court is located or where service is made. Fed. R. Civ. P 4(e). "An affidavit of service constitutes

prima facie evidence of effective service." *Gore v. RBA Grp., Inc*., No. 03-CV-9442 (S.D.N.Y.

Mar. 27, 2009) (internal quotation marks and citation omitted)

New York Civil Practice and Law Rules ("CPLR") permit service to corporations by

service "to any . . . agent authorized by appointment or by law to receive service." *Kelly*

*v. Vesnaver*, No. 16-CV-883, 2017 WL 2389506 (E.D.N.Y. Apr. 11, 2017), *report and*

*recommendation adopted*, No. 16-CV-883 (DRH)(SIL) (E.D.N.Y. June 1, 2017) (internal

quotation marks omitted) (quoting N.Y. C.P.L.R. 311(a)(1)).

Here, Defendant was properly served on December 10, 2024, its time to answer has

expired, and a Certificate of Default was issued by the Court.

**II.    Plaintiff is a Covered Employee Under the FLSA and NYLL**

a.    <u>*Plaintiff has Establish that the Defendant is an Employer.*</u>

The FLSA defines "employer" as "any person acting directly or indirectly in the interest

of an employer in relation to an employee." *Fermin v. Las Delicias Peruanas Rest., Inc.,*93

F.Supp.3d 19, 35 (E.D.N.Y. 2015) (quoting 29 U.S.C. § 203(d)). The inquiry into the employer-

12

employee relationship under the FLSA is "grounded in 'economic reality'" *Id.* at 35 (citing *Carter v. Dutchess Comty. Coll.,*735 F.2d 8, 12 (2d Cir.1984)), and considers whether the alleged employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* Courts consider the "totality of the circumstances" and no single factor is dispositive. *Herman v. RSR Sec. Servs. Ltd.,*172 F.3d 132, 139 (2d. Cir. 1999).

Here, Plaintiff's declaration states that Defendant, a corporation, set compensation, hiring, and delegation of duties as well as keeping employment records. Therefore, Plaintiff has established Defendant as an employer.

b.    *Plaintiff Is A Covered Employee Under the FLSA and NYLL*

"Under the FLSA, an employee is any individual employed by an employer." *Fermin*, 93 F.Supp.3d at 32 (internal quotation marks omitted). "It should be noted that the FLSA 'contains a litany of exemptions' to qualified employees." *Id.* (quoting *Chen v. Major League Baseball,*6 F.Supp.3d 449, 454 (S.D.N.Y. 2014)). An employee's "exempt status depends less on [their] title, and more on the actual duties performed." *McBeth v. Gabrielli Trucks Sales, Ltd.,*768 F.Supp.2d 383, 387 (E.D.N.Y. 2010). The FLSA's "exemptions are affirmative defenses, for which employers have the burden of proof." *Chen*, 6 F.Supp.3d at 454 (citing *Corning Glass Works v. Brennan,*417 U.S. 188, 196-97, (1974)). Importantly, in order to be considered for any salary-based exemption, Plaintiff must receive a salary, or a predetermined wage, of $684.00 a week after December 31, 2019 or $455.00 a week prior to December 31, 2019. *See Helix Energy Sols. Grp. v. Hewitt*, No. 21-984 (Feb. 22, 2023).

13

Here, Plaintiff's, upon its recall and recollection, primary duties included construction and installation of windows as well as window and woodwork. Here, Plaintiff's duties do not include any of the "hallmark" tasks that would necessitate a finding that he was exempt; Plaintiff did not supervise individuals, or exercise judgment on matters of significance.

**III.    Defendant Is Liable For Its Failure To Properly Pay Plaintiff Wages At the Overtime Rate.**

Under both the FLSA and NYLL, employers must pay non-exempt employees at the rate of one and one-half times their regular rate of pay for any hours that they work over forty in a given workweek. 29 U.S.C. § 207(a)(1); 12 NYCRR § 142-2.2. In order to adequately allege a claim for overtime pay violations under the FLSA and NYLL, a plaintiff must "provide sufficient detail about the length and frequency of [Plaintiff's] unpaid work to support a reasonable inference that they worked more than forty hours in a given week. *See Nakahata* v. *New York-Presbyterian Healthcare Sys.,* 723 F.3d 192, 201 (2d Cir. 2013); *see Lundy* v. *Catholic Health Sys. of Long Island, Inc.,* 711 F.3d 106, 114 (2d Cir. 2013) (dismissing Plaintiff' FLSA claims because Plaintiff failed to plead "a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours").

Here, Plaintiff alleged that it worked twelve and a half (12.5) to twenty-three (23) hours of overtime a week and was not compensated at the overtime rate of time and a half for those hours worked. Therefore, Defendant is liable and Plaintiff is entitled to recover the unpaid wages at the proper overtime rate.

**IV.    Defendant Is Liable For Its Failure To Provide Plaintiff With Statutorily Required Wage Statements**

Pursuant to New York Law, since April 9, 2011, employers have been required to furnish employees with written wages statements containing accurate, specifically enumerated

14

information on each occasion when the employer pays wages to the employee. *See*, N.Y. Labor Law. § 195(3).

Failure to issue proper wage statements constitutes a violation of this section for which employer are liable for statute penalties. *See*, N.Y. Labor Law § 198(1-d). From April 9, 2011 until February 26, 2015, as a remedy the employee is entitled to "one hundred dollars for each work week that violations occurred or continue to occur," up to a maximum of $2,500.00 "together with costs and reasonable attorney's fees." N.Y. Labor Law § 198(1-d) (McKinney 2011). Effective February 27, 2015, the penalty under this section of New York law increased to $250.00 per day up to a maximum of $5000.00, plus costs and reasonable attorneys' fees. *See*, N.Y. Labor Law § 198(1-d).

Here, Plaintiff has adequately alleged that throughout the term of employment, Defendant failed to provide it with proper wage statements as required by New York law.

## V.    Defendant is Liable For Its Failure to Provide Plaintiff With Statutorily Required Wage Notices

Pursuant to New York law, also since April 9, 2011, employers have been required to provide employees with wage notices containing certain statutorily required information at the time of hire and "on or before February first of each subsequent year of the employee's employment with the employer". *See*, N.Y. Labor Law § 195(1)(amended by 2014 N.Y Laws ch. 537 § 1)[1].

Failure to provide proper wage notices constitutes a violation of this section for which employers are liable for statutory penalties. *See*, N.Y. Labor Law § 198(1-b). From April 9, 2011 until February 26, 2015, as a remedy the employee is entitled to "fifty dollars for each work

---

[1] This amendment became effective December 28, 2014 and removed the requirement that an employer had to give these notices to an employee annually.

week that the violations occurred or continue to occur" up to a maximum of $2,500.00 "together with costs and reasonable attorney's fees." N.Y. Labor Law § 198(1-b) (McKinney 2011).

## VI.    Plaintiff is Entitled To Damages For Defendant's Violations Of The FLSA and NYLL.

When a plaintiff claims FLSA and NYLL violations in the context of a default judgment, "the plaintiff's recollection and estimates of hours worked are presumed to be correct." *Gunawan v. Sake Sushi Rest.,* 897 F.Supp.2d 76, 83 (E.D.N.Y. 2012);

a.    *Plaintiff's Overtime Damage Calculation*

Here, Plaintiff, upon its recall and recollection, worked from on or about July 25, 2023 to on or about November 5, 2024. During such time, Plaintiff, upon his recall and recollection, worked Monday through Friday, 8:00 a.m. to 6:30 p.m. and, during the year of 2023, worked on Saturdays from 8:00 a.m. to 6:30 p.m. twice a month.

Plaintiff was paid at a piece-rate per job completed. On average, Plaintiff's gross earnings were $1,200.00 a week.  If Plaintiff worked five (5) days a week, Plaintiff's regular rate would be $22.86. If Plaintiff worked six (6) days a week, Plaintiff's regular rate would be $19.05.

Plaintiff's five-day work week overtime rate would be $11.43, or the remainder of the overtime premium due, $22.86 multiplied by .5.

Plaintiff's six-day work week overtime rate would be $9.52; $19.05 multiplied by .5.

As Plaintiff's work week fluctuated, Plaintiff has annexed a damaged calculation to this motion as Exhibit 5 to assist the Court in visualizing Plaintiff's work week and fluctuating overtime pay.

Based upon Plaintiff's damage calculation, Plaintiff is owed $11,034.29 in unpaid overtime wages.

b.  *Defendant's Violations Are Deemed Willful For the Purposes of Damage Calculations on Default.*

Under the FLSA and NYLL, employees may be entitled to liquidated damages equal to the amount owed for unpaid wages. 29 U.S.C. § 216(b); NYLL § 198(1-a). Liquidated damages are recoverable under the NYLL "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law." NYLL § 198(1-a); *see also* 29 U.S.C. § 260 (giving courts discretion to award no liquidated damages where the employer makes a showing of good faith). A defendant's burden to show good faith is "a difficult one" even when the defendant makes an appearance in a case. *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008). Here, Defendant have not responded to Plaintiffs' claims and have made no showing of good faith and, therefore, liquidated damages are appropriate. *See, e.g.*, *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14-CV-10234 (JGK) (JLC) (S.D.N.Y. Sept. 8, 2016) (defaulting Defendant did not show good faith), *report and recommendation adopted*, 2016 WL 6879258, (S.D.N.Y. Nov. 18, 2016). Thus, Plaintiff is owed one hundred percent of wages owed, or $11,034.29.

c.  *Hearing Concerning Damages Is Unnecessary As Plaintiff Has Filed Detailed Declarations Concerning Its Damages.*

To establish damages upon a default, the movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Natale v. Country Ford Ltd.*, No. CV 10-4128 (ADS) (GRB), 2014 U.S. Dist. LEXIS 132832, at *1 (E.D.N.Y. Aug. 20, 2014) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992)). "A plaintiff must therefore substantiate a claim with evidence to prove the extent

of damages." *Belizaire v. RAV Investigative and Sec. Servs. LTD.*, 61 F. Supp. 3d 336, 345 (S.D.N.Y 2014).

"The court may conduct hearings or make referrals" when it needs to, among other things, "determine the amount of damages" and "establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b)(2). "In permitting, but not requiring, a district court to conduct a hearing before ruling on a default judgment, Rule 55(b) commits this decision to the sound discretion of the district court." *Finkel v. Romanowicz*, 577 F.3d 79, 87 (2d Cir. 2009). It is "not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment." *Fustok v. Conticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

An affidavit that sets forth the number of hours worked and pay received is sufficient for the Court to establish damages where the defendant defaults. *See*, *Maldonado v. La Nueva Rampa, Inc.*, 2012 U.S. Dist. LEXIS 67058 (S.D.N.Y. May 14, 2012); *Angamarca v. Pita Grill 7 Inc.*, 2012 U.S. Dist. LEXIS 108322 (S.D.N.Y. Aug. 2, 2012); *Rodriguez v. Queens Convenience Deli Corp.*, No. 09-cv- 1089(KAM)(SMG) (E.D.N.Y. Oct. 18, 2011).

Plaintiff has submitted a sworn declaration pursuant to 28 U.S.C § 1746 delineating the basis of damages including the hours worked and pay received, thus provide the requisite information necessary for a determination at this default stage.

## VII. Plaintiff Is Entitled To Interest On Its Damages

### a. *Plaintiff Is Entitled to Pre-Judgment Interest*

In any action instituted in the courts upon a wage claim by an employee . . . in which the employee prevails, the court shall allow such employee to recover . . . prejudgment interest as required under the civil practice law and rules." NYLL § 198(1-a). Plaintiffs may recover both

prejudgment interest and liquidated damages under the NYLL. *Saucedo v. On the Spot Audio Corp.*, No. 16-CV-451 (CBA) (CLP), (E.D.N.Y. Dec. 21, 2016) (finding that both are recoverable because "liquidated damages and prejudgment interest are not functional equivalents under the NYLL"), *report and recommendation adopted*, 2017 WL 780799 (E.D.N.Y. Feb. 28, 2017), *vacated on other grounds*, 2018 WL 4347791 (E.D.N.Y. Jan. 23, 2018).

Plaintiffs may recover prejudgment interest under the NYLL for wages owed, but not for liquidated damages. *Gamero v. Koodo Sushi Corp.*, 272 F.Supp. 3d 481, 515 (S.D.N.Y. 2017). Under the NYLL, prejudgment "[i]nterest shall be at the rate of nine per centum per annum, except where otherwise provided by statute." N.Y. C.P.L.R. § 5004(a). It is "computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred." N.Y. C.P.L.R. § 5001(b). "Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." *Id.*

"Courts applying N.Y. CPLR § 5001 have wide discretion in determining a reasonable date from which to award pre-judgment interest, and interest is calculated using the simple rate, not a compounded rate . . . ." *Fermin*, 93 F.Supp.3d at 49 (citations and quotations omitted).

Prejudgment interest is calculated by multiplying nine percent (9%) of the total amount of unpaid wages by the number of years passed between the intermediate date and the date of entry of judgment. Nine percent of the total amount of unpaid wages is equal to $11,034.29. Plaintiff requests this Court to award pre-judgment calculated by multiplying $11,034.29 by the number of years between the intermediate date and when judgment is entered.

b. *Plaintiff Is Entitled to Post-Judgment Interest*

Plaintiff is entitled to post judgment interest under 28 U.S.C. § 1961(a). *See* 28 U.S.C. § 1961(a). Post-judgment interest is calculated "from the date of the entry of the judgment at [the federal] rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding the date of judgment." *Id.* (typographical error and explanatory footnote omitted).

Thus, Plaintiff requests that post-judgment interest be awarded on all sums awarded to accrue from the entry of judgment until the date of payment.

c. *Plaintiff Is Entitled to Increased Interest In the Event Defendant Fails to Pay*

Under the NYLL, "[a]ny judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal therefrom is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent. NYLL § 663(4). Damages and prejudgment interest are "automatically increase[d] by fifteen percent" if they remain unpaid 90 days after judgment was entered. *Rosendo v. Everbrighten, Inc.*, No. 13-CV-7256 (JGK), (S.D.N.Y. July 28, 2015).

Thus, Plaintiff requests that post-judgment interest be increased to fifteen percent (15%) on all sums awarded to occur after ninety (90) days should the Defendant fail to pay.

## VIII.  Plaintiff Is Entitled To Attorneys' Fees and Costs

Both the FLSA and the NYLL are fee-shifting statutes that entitle the prevailing party to recover its reasonable attorneys' fees and costs. 29 U.S.C. §216(b) ("The Court in such action *shall*… allow a reasonable attorney's fee to be paid by the defendant, and costs of the action) (emphasis

added); N.Y. Labor Law § 198(1-a) ("In any action… in which the employee prevails, the court *shall* allow such employee reasonable attorney's fees…") (emphasis added).

    a. <u>*Plaintiff is the Prevailing Party*</u>

A plaintiff is the prevailing party if he succeeds "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Likewise, to qualify as a prevailing party, a plaintiff must demonstrate a change in the legal relationship between him/herself and the defendant arising from the resolution of the lawsuit. *See Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989); *see also*, *Shariff v. Alsaydi*, No. 11-CV-6377 (FB)(SMG) (E.D.N.Y. July 26, 2013) ("Having obtained a default judgment against Defendant, plaintiff is a prevailing party eligible to recover attorney's fees and costs.")

    Here, Plaintiff, upon entry of default, is clearly the prevailing party, having thus altered the legal relationship between himself and the Defendant, a conclusion which will be strengthened by any monetary award that the Court grants Plaintiff pursuant to the instant motion. Accordingly, Plaintiff is entitled to recover reasonable attorneys' fees and costs incurred in connection with his lawsuit. If the Court agrees and if default is ordered, Plaintiff's counsel requests 30 days to file a motion for attorneys' fees and costs.

**CONCLUSION**

**WHEREFORE**, the Plaintiff, ALEKSEI PANOV, respectfully request that this Honorable

Court enter an Order and Judgment against the Defendant as follows:

    a.) An award of $11,034.29 in unpaid overtime wages;

    b.) An award of $11,034.29 in liquidated damages;

    c.) An award of $5,000.00 for violations of NYLL § 195(1);

    d.) An award of $5,000.00 for violations of NYLL § 195(3);

    e.) An award of prejudgment interest;

    f.) An award of post judgment interest; and,

    g.) Granting leave for Plaintiff to file a motion for recovery of attorney fees and costs within

        thirty (30) days.

Dated: Queens, New York
       May 20, 2025

                  **SPASOJEVICH LAW, P.C.**

                  *Lawrence Spasojevich*

                  By: Lawrence Spasojevich, Esq.
                  *Attorneys for the Plaintiff(s)*
                  ALEKSEI PANOV
                  52 Duane Street, 7th Floor
                  New York, New York 10007
                  (914) 487-3592