Lawrence Spasojevich (LS 0945)
Spasojevich Law, P.C.
*Attorneys for Plaintiff*
52 Duane Street, 7th Floor
New York, New York 10007
Tele:   (914) 487-3592
Email: ls@spasojevichlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ALEKSEI PANOV,

           Plaintiff,

-against-

PRESTIGE WINDOW WORKS CORPORATION

           Defendant

CASE NO. 2:24-CV-8199

**DECLARATION OF LAWRENCE SPASOJEVICH, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DAMAGES**

ECF Case,

---

Lawrence Spasojevich, Esq. hereby declares pursuant to 28 U.S.C. § 1746 and under penalty of perjury as follows:

1. I am lead attorney at Spasojevich Law, P.C. and counsel for the named Plaintiff, ALEKSEI PANOV.

2. I am familiar with the facts and circumstances alleged in this action.

3. I make this declaration in support of the Plaintiff's Motion for Default Judgment and Damages against Defendant, PRESTIGE WINDOW WORKS CORPORATION.

4. This motion is being made pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Civil Rule 55.2. The grounds of this motion are that the Defendant, and each of them, have failed or plead or otherwise defend within the time required for them to do so.

Statement of Claims and Procedural History

5. Plaintiff brought this action to recover for Defendant's willful violations of (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the FLSA's minimum wage provisions, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) the NYLL's minimum wage provisions, NYLL § 652(1); (v) the NYLL's requirement that employers provide on each payday proper wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); and, (vi) the requirement that employers furnish employees with a wage notice at the time of hiring and/or on an annual basis containing specific categories of information, NYLL § 195(1).

6. Plaintiff commenced this action by filing a Summons and Complaint against the Defendant on November 26, 2024. A true and correct copy of the issued Summons and a true and correct copy of the filed Complaint is appended hereto as Exhibit "1"

7. The Defendant PRESTIGE WINDOW WORKS CORPORATION was served pursuant to N.Y Bus.Corp. Law § 306, service of process on New York's Secretary of State as an agent for a corporation on December 10, 2024. A true and correct copy of this affidavit of service is appended hereto as Exhibit "2".

8. The time for Defendant, and each of them, to answer or otherwise move with respect to the Complaint herein has expired and no answer or motion has appeared on the docket.

24

9.  On January 27, 2025, the Clerk of the District Court of the Eastern District of New York entered a Certificate of Default against the Defendant. A true and correct copy of the Certificate of Default is appended hereto as Exhibit "3".

## Statement of Damages

10.  A true and correct copy of the declaration signed by Plaintiff, ALEKSEI PANOV, concerning its employment with the Defendant is appended hereto as Exhibit "4".

11.  In the declaration, Plaintiff, ALEKSEI PANOV, states that the term of employment with the Defendant was from on or about July 25, 2023 to November 5, 2024. *Id*.

12.  Upon recall and recollection, Plaintiff worked a schedule of Monday through Friday 8:00 a.m. to 6:30 p.m. and Saturdays 8:00 a.m. to 6:30 p.m. twice a month during the year 2023 *Id*.

13.  Given the above, Plaintiff, ALEKSEI PANOV, worked on average either fifty-two (52) or sixty three (63) hours per week, depending on whether Plaintiff, ALEKSEI PANOV, worked five (5) days a week or six (6) days a week. *Id*.

14.  Upon recall and recollection, Plaintiff was paid at piece rate which, on average, totaled $1,200.00 a week. *Id*.

15.  As Plaintiff was paid at the piece rate, the overtime rate is calculated by multiplying the regular rate by .5.

16.  Plaintiff's regular rate was $19.05 if he worked six (6) days a week or $22.86 if Plaintiff worked five (5) days a week; these rates were calculated by dividing the total compensation paid per week by the total hours worked per week.

17.  Therefore, Plaintiff's overtime rate is $9.52 if Plaintiff worked six (6) days a week or $11.43 if Plaintiff worked five (5) days a week.

18.     In order to calculate Plaintiff's overtime claim, the overtime rates above were multiplied by the number of overtime hours.

19.     Plaintiff worked sixty-six (66) weeks for the Defendant.

20.     As Plaintiff had a fluctuating workweek, annexed hereto as Exhibit "5" is a damage calculation prepared for this motion.

21.     Based upon Plaintiff's damage calculation, Plaintiff is owed $11,034.29 in unpaid overtime compensation.

22.     Under the NYLL, Plaintiff is entitled to $11,034.29 in liquidated damages; or one hundred percent (100%) of unpaid wages owed.

23.     Plaintiff is also entitled to the maximum statutory damages under NYLL § 195(1) of $5,000.00 as Defendant never furnished an annual wage notice. *Id*.

24.     Plaintiff is also entitled to the maximum statutory damages under NYLL § 195(3) of $5,000.00 as Defendant never furnished a proper pay stub. *Id*.

25.     As Plaintiff is clearly the prevailing party in this action, an award of reasonable attorneys' fees and costs is proper.

26.     If the Court agrees, and the default is ordered, it is respectfully requested that Plaintiff's counsel' receive 30 days to file a motion for attorneys' fees and costs.

  **WHEREFORE**, it is respectfully requested that this Court enter judgment as to liability against the Defendant in the amounts set forth herein as well as for such other and further relief as this Court may deem appropriate.

Dated: New York, New York
      May 20, 2025

                              **SPASOJEVICH LAW, P.C.**

                              */s/ Lawrence Spasojevich*
                              By: Lawrence Spasojevich, Esq.
                              *Attorneys for the Plaintiff(s)*
                              ALEKSEI PANOV
                              52 Duane Street, 7th Floor
                              New York, New York 10007
                              (914) 487-3592