Lawrence Spasojevich (LS0945)
Spasojevich Law, P.C.
*Attorneys for Plaintiff*
52 Duane Street, 7th Floor
New York, New York 10007
Tele:   (914) 487-3592
Email: ls@spasojevichlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ALEKSEI PANOV,

|  | CASE NO.<br>2:24-CV-8199 |
|---|---|

Plaintiff,

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR DEFAULT JUDGMENT**

-against-

PRESTIGE WINDOW WORKS CORPORATION,

ECF Case,

Defendant.

---

2

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................ 6

BACKGROUND FACTS AND PROCEDURAL HISTORY ........................................ 8

STANDARD OF REVIEW ............................................................................................ 9

ARGUMENT ................................................................................................................ 11

I.    This Court Has Proper Jurisdiction For This Action .......................................... 11

    a.    This Court has Jurisdiction Under Individual Coverage for the F.L.S.A. Claims ........ 11

    b.    This Court has Jurisdiction Under Enterprise Coverage for the F.L.S.A. Claims ........ 11

    c.    This Court has Supplemental Jurisdiction for the N.Y.L.L Claims. ........................... 13

    d.    Plaintiff's Claims are Within The Applicable Statute of Limitations ......................... 13

    e.    Defendant Was Properly Served and Failed to Plead Or Otherwise Defend ............... 14

II.   Plaintiff is a Covered Employee Under the F.L.S.A. and N.Y.L.L .................................. 14

    a.    Plaintiff has Establish that the Defendant is an Employer. ...................................... 14

    b.    Plaintiff Is A Covered Employee Under the F.L.S.A. and N.Y.L.L ........................... 15

III.  Defendant Is Liable For Its Failure To Properly Pay Plaintiff Wages At the Overtime Rate.   16

IV.   Defendant Is Liable For Its Failure To Provide Plaintiff With Statutorily Required Wage Statements ...................................................................................................... 17

V.    Defendant is Liable For Its Failure to Provide Plaintiff With Statutorily Required Wage Notices .............................................................................................................. 17

VI.   Plaintiff is Entitled To Damages For Defendant's Violations Of The F.L.S.A. and N.Y.L.L. ............................................................................................................ 18

    a.    Plaintiff's Overtime Damage Calculation ........................................................... 18

    b.    Defendant's Violations Are Deemed Willful For the Purposes of Damage Calculations on Default ................................................................................................... 19

    c.    Hearing Concerning Damages Is Unnecessary As Plaintiff Has Filed Detailed Declarations Concerning Its Damages. ............................................................... 19

VII.  Plaintiff Is Entitled To Interest On Its Damages ................................................... 21

    a.    Plaintiff Is Entitled to Pre-Judgment Interest ....................................................... 21

    b.    Plaintiff Is Entitled to Post-Judgment Interest ...................................................... 22

    c.    Plaintiff Is Entitled to Increased Interest In the Event Defendant Fails to Pay ........... 22

VIII. Plaintiff Is Entitled To Attorneys' Fees and Costs ................................................. 23

    a.    Plaintiff is the Prevailing Party .......................................................................... 23

    b.    Lodestar Method Is the Proper Method To Calculate Attorney Fees ......................... 24

    c.    The Requested Attorney Fees Are Reasonable ..................................................... 25

    d.    Attorney Fees for Work Performed By Lawrence Spasojevich .................................. 26

    e.    The Requested Costs are Reasonable .................................................................. 28

CONCLUSION ............................................................................................................. 30

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Angamarca v. Pita Grill 7 Inc.*, 2012 U.S. Dist. LEXIS 108322 (S.D.N.Y. Aug. 2, 2012) ......... 20

*Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) ........................ 19

*Chen v. Major League Baseball,* 6 F.Supp.3d 449, 454 (S.D.N.Y. 2014) ..................................... 15

*City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) ................................ 9

*Coley v. Vannguard Urban Improvement Ass'n, Inc*., No. 12-CV-5565, 2016 WL 4179942, at *3 (E.D.N.Y. Aug. 5, 2016) ............................................................................................... 9, 13

*Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) ..................... 10

*Deturris v. Fasco Mechanical & Contracting Inc. et. al.* 1:20-cv-02616-RER (October 2, 2020) ................................................................................................................................................ 36

*Fermin v. Las Delicias Peruanas Rest., Inc.,* 93 F.Supp.3d 19, 35 (E.D.N.Y. 2015) ....... 14, 15, 21

*Ferrara v. Prof'l Pavers Corp.*, 2013 U.S. Dist. LEXIS 45944, *26-27 (E.D.N.Y. Feb. 15, 2013) ................................................................................................................................................ 26

*Finkel v. Romanowicz*, 577 F.3d 79, 87 (2d Cir. 2009) ............................................................... 20

*Fustok v. Conticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ...................................... 20

*Gamero v. Koodo Sushi Corp.*, 272 F.Supp. 3d 481, 515 (S.D.N.Y. 2017) ................................. 21

*Gore v. RBA Grp., Inc*., No. 03-CV-9442 (S.D.N.Y. Mar. 27, 2009) .......................................... 14

*Gunawan v. Sake Sushi Rest.,* 897 F.Supp.2d 76, 83 (E.D.N.Y. 2012) ........................................ 18

*Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007) ...................................................................... 24

*Helix Energy Sols. Grp. v. Hewitt*, No. 21-984 (Feb. 22, 2023) .................................................. 15

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) .................................................................. 23, 25

*Herman v. RSR Sec. Servs. Ltd.,* 172 F.3d 132, 139 (2d. Cir. 1999) .......................................... 15

*Hernandez v. Jet Cesspool Corp.* 2:24-cv-05155-SIL (March 20, 2025).................................... 36

*Herrera v. Tri-State Kitchen & Bath, Inc.*, No. 14-CV-1695 (ARR) (MDG),  (E.D.N.Y. Mar. 31, 2015) ........................................................................................................................................ 13

*In re "Agent Orange" Prod. Liability Litig.*, 818 F.2d 226, 232 (2d Cir. 1987) ......................... 25

*Kantor v. Air Atl. Med., P.C.*, No. 19-CV-03597, 2021 WL 3888067 (E.D.N.Y. July 7, 2021). 11, 12

*Kelly v. Vesnaver*, No. 16-CV-883, 2017 WL 2389506 (E.D.N.Y. Apr. 11, 2017) ..................... 14

*Khan v. Nyrene, Inc.,* No. 18-CV-557, 2020 WL 1931282, (E.D.N.Y. Mar. 11, 2020).............. 12

*Kuebel v. Black & Decker, Inc.,* 643 F.3d 352, 366 (2d Cir. 2011)............................................. 13

*Leon v. Zita Chen*, No. 16-CV-480, 2017 WL 1184149, at *3 (E.D.N.Y. Mar. 29, 2017) ........... 9

*Lundy* v. *Catholic Health Sys. of Long Island, Inc.,* 711 F.3d 106, 114 (2d Cir. 2013) .............. 16

*Maldonado v. La Nueva Rampa, Inc.*, 2012 U.S. Dist. LEXIS 67058 (S.D.N.Y. May 14, 2012) 20

*McBeth v. Gabrielli Trucks Sales, Ltd.,* 768 F.Supp.2d 383, 387 (E.D.N.Y. 2010)..................... 15

*Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)................................................ 24

*Nakahata* v. *New York-Presbyterian Healthcare Sys.,* 723 F.3d 192, 201 (2d Cir. 2013)........... 16

*Natale v. Country Ford Ltd.*, No. CV 10-4128 (ADS) (GRB), 2014 U.S. Dist........................... 20

*Nelson Meija Cedillos et. al. v. VEM Group Corp.* 1:20-cv-03249-PK (E.D.N.Y., May 4, 2021) ................................................................................................................................................ 36

*New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983) . 27

*Nicaisse v. Stephens & Michaels Associates, Inc.*, No. CV 14-1570, 2016 U.S. Dist. LEXIS 76079, at *9 (E.D.N.Y. June 9, 2016)........................................................................................ 26

*Perdue v. Kenny A. ex rel. Winn*, 130 S.Ct. 1662, 1672 (2010) ................................................. 24

*Ramirez v. H.J.S. Car Wash Inc.*, CV-11-2664 (VVP) (E.D.N.Y. Apr. 9, 2013)........................ 13

*Reiter v. Metro Transp. Auth. of N.Y.*, 457 F.3d 224, 232 (2d Cir. 2006) .................................... 25

*Rodriguez v. Obam Mgmt.*, No. 13- CV-0463 (PGG) (DF), 2016 U.S. Dist. LEXIS 34154, *14 (E.D.N.Y. Mar. 14, 2016) ............................................................................................................... 16

*Rodriguez v. Queens Convenience Deli Corp.*, No. 09-cv- 1089(KAM)(SMG) (E.D.N.Y. Oct. 18, 2011) ...................................................................................................................................................... 20

*Romero v. Floris Constr., Inc.*, 1:16-CV-04282 (PKC) (RLM) (E.D.N.Y. Nov. 20, 2017)......... 10

*Rosendo v. Everbrighten, Inc.*, No. 13-CV-7256 (JGK), (S.D.N.Y. July 28, 2015) .................. 22

*Rozell v. Ross-Holst*, 576 F.Supp 2d 527, 544 (S.D.N.Y. 2008) ................................................ 25

*S.E.C. v. Anticevic*, No. 05-CV-6991, 2009 WL 4250508, at *2 (S.D.N.Y. Nov. 30, 2009) ......... 9

*Saucedo v. On the Spot Audio Corp.*, No. 16-CV-00451, 2016 WL 8376837, at *3 (E.D.N.Y. Dec. 21, 2016)...................................................................................................................... 10, 21

*Sevilla v. House of Salads One LLC*, 20-CV-6072 (PKC) (CLP) (E.D.N.Y. Mar. 30, 2022)...... 11

*Shariff v. Alsaydi*, No. 11-CV-6377 (FB)(SMG) (E.D.N.Y. July 26, 2013) ............................... 23

*Small v. New York City Transit Auth.*, No. 09 Civ. 2139, 2014 U.S. Dist. LEXIS 39582, at *13 (E.D.N.Y. Mar. 25, 2014) ........................................................................................................... 26

*Soto v. Miss Laser, Inc.*, 19-CV-04745 (HG) (CLP) (E.D.N.Y. Jan. 19, 2023) .......................... 12

*Stanczyk v. City of New York*, 752 F.3d 273, 284-85 (2d Cir. 2014) .......................................... 24

*Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989) ................. 23

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 108 (2d Cir. 1997)........................................................................................................ 9

*Watson v. Dependable Ambulette, Inc. et al.* 1:20-cv-00750-WFK-VMS (September 22, 2020) 36

*Wicaksono v. XYZ 48 Corp.*, No. 10-CV-3635 (LAK) (JCF)(S.D.N.Y. May 2, 2011) ............... 14

*Wong v. Hunda Glass Corp.*, 2010 U.S. Dist. LEXIS 90736, *6 (S.D.N.Y. Sept. 1, 2010) ........ 25

*Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14-CV-10234 (JGK) (JLC) (S.D.N.Y. Sept. 8, 2016) ............................................................................................................................................. 19

*Zambri v. Ocean Breeze Pharmacy, Inc. et. al.* 1:20-cv-00749-CLP (April 9, 2021)................. 36

**Statutes**

N.Y. Labor Law § 195(1) ............................................................................................................. 18

12 NYCRR § 142-2.2 .................................................................................................................... 16

12 NYCRR § 142-2.6(a) ............................................................................................................... 10

28 U.S.C. § 1961(a) ...................................................................................................................... 22

29 U.S.C. § 207(a) .......................................................................................................................... 6

29 U.S.C. § 207(a)(1) .................................................................................................................... 16

29 U.S.C. § 216(b) .................................................................................................................. 19, 23

29 U.S.C. § 260 ............................................................................................................................. 19

Fed. R. Civ. P 4(e) ........................................................................................................................ 14

N.Y. C.P.L.R. § 5001(b) ............................................................................................................... 21

N.Y. C.P.L.R. § 5004(a) ............................................................................................................... 21

N.Y. Labor Law § 198(1-b) .......................................................................................................... 18

N.Y. Labor Law § 198(1-d) .......................................................................................................... 17

N.Y. Labor Law. § 195(3) ............................................................................................................ 17

NYCCRR tit. 12 § 142 *et seq.*...................................................................................................... 10

NYLL § 195(3) ............................................................................................................................... 6

NYLL § 198(1-a) ..................................................................................................................... 19, 23

NYLL § 663(4) ............................................................................................................................. 22

## PRELIMINARY STATEMENT

Plaintiff, ALEKSEI PANOV, brought the instant action against Defendant, PRESTIGE WINDOW WORKS CORPORATION, Plaintiff brought this action to recover for Defendant's willful violations of:

   (i)   the overtime provisions of the Fair Labor Standards Acts ("F.L.S.A."), 29 U.S.C. § 207(a);

   (ii)   the overtime provisions of the New York Labor Law ("N.Y.L.L"), N.Y.L.L § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2;

   (iii)  the N.Y.L.L's requirement that employers provide on each payday proper wage statements to their employees containing specific categories of accurate information, N.Y.L.L § 195(3);

   (iv)  the requirement that employers furnish employees with a wage notice at the time of hiring and/or on an annual basis containing specific categories of information, N.Y.L.L § 195(1).

      Plaintiff properly served the Defendant via New York Secretary of State on December 10, 2024.

      The time for Defendant to answer or otherwise respond within twenty-one (21) days of December 10, 2024 to Plaintiff's Complaint has expired Plaintiff filed a request for and received a Clerk's Certificate of Default.

      Plaintiff has complied with Local Civil Rule 55.2 in providing with this motion the following:

   (i)  A declaration that the Clerk has entered Default under Local Civil Rule 55.1;

   (ii) A declaration Plaintiff has complied with the Servicemembers Relief Act, 50a U.S.C. § 521;

(iii) A declaration that the Defendant against whom judgment is sought is not known to be a minor or an incompetent person, or, if seeking default judgment by the Court, the minor or incompetent person is represented by a general guardian, conservator, or other fiduciary who has appeared;

(iv) All papers required by Local Civil Rule 7.1;

(v) A declaration of service stating that all documents in support of the request for default judgment, including the "Clerk's Certificate of Default" and any papers required by this rule, have been mailed to the last known resident and/or business address, of the party whom default judgment is sought; and,

(vi) A statement of damages, sworn or affirmed to by one more people with personal knowledge, in support of the request, showing the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs.

As such, Plaintiff respectfully submits this Memorandum of Law in support of the motion of default judgment and damages.

## <u>BACKGROUND FACTS AND PROCEDURAL HISTORY</u>

For a detailed recitation of the underlying facts and procedural history of this action, as well as other relevant information, Plaintiff refers the Court to the Declaration of Lawrence Spasojevich, Esq. ("Spasojevich Decl.") as well as its accompanying exhibits.

## STANDARD OF REVIEW

"A default judgment is ordinarily justified where a defendant fails to respond to the complaint." *S.E.C. v. Anticevic*, No. 05-CV-6991, 2009 WL 4250508, at *2 (S.D.N.Y. Nov. 30, 2009). "Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (internal quotation marks and citation omitted). Rule 55 outlines two steps for entry of judgment against a party that fails to respond or defend: first, the clerk enters the party's default; second, a district court judge enters the default judgment. Fed. R. Civ. P. 55(b). "A district court is empowered under Rule 55(b)(2), in the exercise of its discretion, to 'conduct hearings or make referrals' as may be necessary, *inter alia*[,] to determine the amount of damages or establish the truth of the plaintiff's allegations." *Mickalis Pawn Shop*, 645 F.3d at 129 (quoting Fed. R. Civ. P. 55(b)(2)).

While "a default judgment deems all the well-pleaded allegations in the pleadings to be admitted," *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 108 (2d Cir. 1997), the Court must "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Mickalis Pawn Shop*, 645 F.3d at 137 (alterations in original) (internal quotation marks omitted) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *see Coley v. Vannguard Urban Improvement Ass'n, Inc.*, No. 12-CV-5565 (E.D.N.Y. Aug. 5, 2016).

"An employee seeking to recover unpaid wages 'has the burden of proving that he performed work for which he was not properly compensated.'" *Leon v. Zita Chen*, No. 16-CV-480, 2017 WL 1184149, at *3 (E.D.N.Y. Mar. 29, 2017) (quoting *Jiao v. Chen*, No. 03-CV-165, 2007 WL 4944767, at *2 (S.D.N.Y. Mar. 30, 2007)). Federal and state laws mandate that

9

employers maintain "records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him." *Id*. (quoting 29 U.S.C. § 211(c)); *see also* 12 NYCRR § 142-2.6(a) ("[e]very employer shall establish, maintain and preserve for not less than six years, weekly payroll records"). For default judgments concerning the F.L.S.A. and N.Y.L.L claims, "the plaintiff's recollection and estimates of hours worked are presumed to be correct." *Saucedo v. On the Spot Audio Corp*., No. 16-CV-00451 (E.D.N.Y. Dec. 21, 2016), *report and recommendation adopted*, No. 16-CV-451, 2017 WL 780799 (E.D.N.Y. Feb. 28, 2017) (quoting *Gunawan v. Sushi Sake Rest*., 897 F. Supp. 2d 76, 83-84 (E.D.N.Y. 2012)).

Once a court establishes liability within a default judgment, the court then calculates damages accordingly. *See Credit Lyonnais Sec*. *(USA)*, *Inc*. *v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (noting that courts must conduct inquiries to determine damages rather than rely upon alleged amounts). A court may determine damages in a default judgment from affidavits alone so long as the court can establish a basis for the damages. *Romero v. Floris Constr., Inc.*, 1:16-CV-04282 (PKC) (RLM) (E.D.N.Y. Nov. 20, 2017).

## <u>ARGUMENT</u>

### I.    **This Court Has Proper Jurisdiction For This Action**

a.    <u>*This Court has Jurisdiction Under Individual Coverage for the F.L.S.A. Claims*</u>

"To establish individual coverage, the employee must perform work involving or related to the movement of persons or things . . . among the several States or between any State and any place outside thereof." *Kantor v. Air Atl. Med., P.C.*, No. 19-CV-03597, 2021 WL 3888067 (E.D.N.Y. July 7, 2021) (citations and internal quotation marks omitted), *report and recommendation adopted*, No. 19-CV-3597, 2021 WL 3884193 (E.D.N.Y. Aug. 31, 2021).

The Complaint must do more than allege that Plaintiff engaged in interstate commerce or handled goods in interstate commerce-it must plead sufficient facts to "support an assertion that a *substantial part* of Plaintiff's work closely relates to interstate commerce" to establish individual coverage under the F.L.S.A.. *Jones v. SCO Family of Servs.*, 202 F.Supp.3d 345, 351 (S.D.N.Y. 2016).

Here, in this matter, Plaintiff has adequately stated individual coverage by alleging that it regularly handled goods in interstate commerce. Specifically, Plaintiff's duties included performing installation contracts in New Jersey and New York

. *See Sevilla v. House of Salads One LLC*, 20-CV-6072 (PKC) (CLP) (E.D.N.Y. Mar. 30, 2022) ("Both Plaintiffs have established coverage by alleging that they regularly handled goods in interstate commerce. (Compl., Dkt. 1, ¶¶ 36, 53.) "). Thus, Plaintiff's duties, as directly related to interstate commerce, satisfy the individual coverage requirement for its F.L.S.A. claims.

b.    <u>*This Court has Jurisdiction Under Enterprise Coverage for the F.L.S.A. Claims*</u>

A complaint that simply and "sufficiently alleges that "the enterprise [had] receipts greater than $500,000, and at least some employees . . . 'handle[d], s[old], or otherwise work[ed]

11

on goods or materials that [had] been moved in or produced for interstate commerce.'" *Kantor*, 2021 WL 3888067, at *4.

As this Court has held, this is not a high hurdle for Plaintiff to clear as "[C]ourts have 'noted that virtually every enterprise in the nation doing the requisite dollar volume of business is covered by the F.L.S.A..'" *Id*. (quoting *Shim*, 2009 WL 211367, at *3)."

Further, at the pleading stage, Plaintiff does not need to specify the exact origin of the goods that Defendant's employees handled-she simply needs to provide sufficiently specific facts to allow the Court to infer that those goods originated outside of New York. *Khan v. Nyrene, Inc.,* No. 18-CV-557, 2020 WL 1931282, (E.D.N.Y. Mar. 11, 2020) (finding it reasonable "to assume that a [business] with over $500,000 in annual sales . . . does not rely exclusively on goods and equipment from New York State"), *report and recommendation adopted*, No. 18-CV-557, 2020 WL 1929066 (E.D.N.Y. Apr. 21, 2020).

Even where a plaintiff does not specify what types of goods the employer of a defendant handled in interstate commerce, courts have found it reasonable to infer enterprise coverage from "the nature of an employer's business."" *Soto v. Miss Laser, Inc.*, 19-CV-04745 (HG) (CLP) (E.D.N.Y. Jan. 19, 2023).

Here, Plaintiff both sufficiently establishes via the allegation that Defendant has gross receipts over $500,000.00 and, by stating that Defendant's business was the based upon the number of projects in a given week, pay structure per job, and the approximately three to four individuals working per contract as well as the occasional installations in New Jersey, which by its nature establishes that the business handled goods in interstate commerce.

12

c.    *This Court has Supplemental Jurisdiction for the N.Y.L.L Claims.*

"The claims arising under New York law are so related to the F.L.S.A. claims that they form part of the same case or controversy and are therefore within the supplemental jurisdiction of the court pursuant to 28 U.S.C. § 1367." *Ramirez v. H.J.S. Car Wash Inc.*, CV-11-2664 (VVP) (E.D.N.Y. Apr. 9, 2013).

Here, as both the F.L.S.A. and the N.Y.L.L claims predominately involve the underpayment of wages, this Court has supplemental jurisdiction over the N.Y.L.L claims.

d.    *Plaintiff's Claims are Within The Applicable Statute of Limitations*

i.    *Plaintiff's F.L.S.A. Claims are Timely*

"The statute of limitations for an F.L.S.A. claim is two years, unless the violation is 'willful,' in which case it is three years." *Kuebel v. Black & Decker, Inc.,* 643 F.3d 352, 366 (2d Cir. 2011) (citing 29 U.S.C. § 255(a)). On a motion for default judgment, allegations of willful F.L.S.A. violations are sufficient to establish willfulness. *See Coley v. Vannguard Urban Improvement Ass'n,* No. 12-CV-5565 (PKC) (RER), (E.D.N.Y. Aug. 5, 2016); *Herrera v. Tri-State Kitchen & Bath, Inc.*, No. 14-CV-1695 (ARR) (MDG),  (E.D.N.Y. Mar. 31, 2015) (adopting report and recommendation) ("Generally, courts have found that a defendant's default establishes willfulness.").

Here, Plaintiff's claims began on or about July 25, 2023 and ended on or about November 5, 2024. Thus, Plaintiff's claims, in full or in part, are with the statute of limitations for the F.L.S.A.

ii.    *Plaintiff's N.Y.L.L Claims Are Timely*

"The statute of limitations under the N.Y.L.L is six years. *Wicaksono v. XYZ 48 Corp.,* No. 10-CV-3635 (LAK) (JCF)(S.D.N.Y. May 2, 2011) (citing N.Y.L.L § 663(3)), report and recommendation adopted, 2011 WL 2038973 (S.D.N.Y. May 24, 2011). "

Here, Plaintiff's claims began on July 25, 2023 and ended on November 5, 2024. Thus, Plaintiff's claims, in full or in part, are with the statute of limitations for the N.Y.L.L.

e.    <u>Defendant Was Properly Served and Failed to Plead Or Otherwise Defend</u>

Service is proper if made in accordance with the laws of the state in which the district court is located or where service is made. Fed. R. Civ. P 4(e). "An affidavit of service constitutes prima facie evidence of effective service." *Gore v. RBA Grp., Inc.,* No. 03-CV-9442 (S.D.N.Y. Mar. 27, 2009) (internal quotation marks and citation omitted)

New York Civil Practice and Law Rules ("CPLR") permit service to corporations by service "to any . . . agent authorized by appointment or by law to receive service." *Kelly v. Vesnaver*, No. 16-CV-883, 2017 WL 2389506 (E.D.N.Y. Apr. 11, 2017), *report and recommendation adopted*, No. 16-CV-883 (DRH)(SIL) (E.D.N.Y. June 1, 2017) (internal quotation marks omitted) (quoting N.Y. C.P.L.R. 311(a)(1)).

Here, Defendant was properly served on December 10, 2024, its time to answer has expired, and a Certificate of Default was issued by the Court.

**II.    Plaintiff is a Covered Employee Under the F.L.S.A. and N.Y.L.L**

a.    <u>Plaintiff has Establish that the Defendant is an Employer.</u>

The F.L.S.A. defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Fermin v. Las Delicias Peruanas Rest., Inc.,* 93 F.Supp.3d 19, 35 (E.D.N.Y. 2015) (quoting 29 U.S.C. § 203(d)). The inquiry into the

employer-employee relationship under the F.L.S.A. is "grounded in 'economic reality'" *Id.* at 35 (citing *Carter v. Dutchess Comty. Coll.,* 735 F.2d 8, 12 (2d Cir.1984)), and considers whether the alleged employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* Courts consider the "totality of the circumstances" and no single factor is dispositive. *Herman v. RSR Sec. Servs. Ltd.,* 172 F.3d 132, 139 (2d. Cir. 1999).

Here, Plaintiff's declaration states that Defendant, a corporation, set compensation, hiring, and delegation of duties as well as keeping employment records. Therefore, Plaintiff has established Defendant as an employer.

b.    *Plaintiff Is A Covered Employee Under the F.L.S.A. and N.Y.L.L*

"Under the F.L.S.A., an employee is any individual employed by an employer." *Fermin,* 93 F.Supp.3d at 32 (internal quotation marks omitted). "It should be noted that the F.L.S.A. 'contains a litany of exemptions' to qualified employees." *Id.* (quoting *Chen v. Major League Baseball,* 6 F.Supp.3d 449, 454 (S.D.N.Y. 2014)). An employee's "exempt status depends less on [their] title, and more on the actual duties performed." *McBeth v. Gabrielli Trucks Sales, Ltd.,* 768 F.Supp.2d 383, 387 (E.D.N.Y. 2010). The F.L.S.A.'s "exemptions are affirmative defenses, for which employers have the burden of proof." *Chen,* 6 F.Supp.3d at 454 (citing *Corning Glass Works v. Brennan,* 417 U.S. 188, 196-97, (1974)).

Importantly, in order to be considered for any salary-based exemption, Plaintiff must receive a salary, or a predetermined wage, of $684.00 a week after December 31, 2019 or $455.00 a week prior to December 31, 2019. *See Helix Energy Sols. Grp. v. Hewitt*, No. 21-984 (Feb. 22, 2023).

15

Here, Plaintiff's, upon its recall and recollection, primary duties included construction and installation of windows as well as window and woodwork, and thus qualified "blue collar worker" pursuant to C.F.R. § 541.3. Here, Plaintiff's duties do not include any of the "hallmark" tasks that would necessitate a finding of an applicable exemption; Plaintiff did not supervise individuals, or exercise judgment on matters of significance.

Nor was Plaintiff paid a weekly predetermined wage for work performed, and therefore, not subject to any salary-based exemption. *Id.*

## III.    Defendant Is Liable For Its Failure To Properly Pay Plaintiff Wages At the Overtime Rate.

Under both the F.L.S.A. and N.Y.L.L, employers must pay non-exempt employees at the rate of one and one-half times their regular rate of pay for any hours that they work over forty in a given workweek. 29 U.S.C. § 207(a)(1); 12 NYCRR § 142-2.2.

In order to adequately allege a claim for overtime pay violations under the F.L.S.A. and N.Y.L.L, a plaintiff must "provide sufficient detail about the length and frequency of [Plaintiff's] unpaid work to support a reasonable inference that they worked more than forty hours in a given week. *See Nakahata* v. *New York-Presbyterian Healthcare Sys.,* 723 F.3d 192, 201 (2d Cir. 2013); *see Lundy* v. *Catholic Health Sys. of Long Island, Inc.,* 711 F.3d 106, 114 (2d Cir. 2013) (dismissing plaintiff' F.L.S.A. claims because plaintiff failed to plead "a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours").

In circumstances where a plaintiff's compensation was below the applicable minimum wage, a plaintiff is entitled to one and one-half times the statutory minimum wage, rather than one and one half times the regular rate of pay. *See Rodriguez v. Obam Mgmt.*, No. 13- CV-0463 (PGG) (DF), 2016 U.S. Dist. LEXIS 34154, *14 (E.D.N.Y. Mar. 14, 2016).

Here, Plaintiff alleged that it worked twelve (12) or twenty-three (23) hours of overtime a week and was not compensated at the overtime rate of time and a half for those hours worked. Therefore, Defendant is liable and Plaintiff is entitled to recover the unpaid wages at the proper overtime rate.

## IV.   Defendant Is Liable For Its Failure To Provide Plaintiff With Statutorily Required Wage Statements

Pursuant to New York Law, since April 9, 2011, employers have been required to furnish employees with written wages statements containing accurate, specifically enumerated information on each occasion when the employer pays wages to the employee. *See*, N.Y. Labor Law § 195(3).

Failure to issue proper wage statements constitutes a violation of this section for which employer are liable for statute penalties. *See*, N.Y. Labor Law § 198(1-d). From April 9, 2011 until February 26, 2015, as a remedy the employee is entitled to "one hundred dollars for each work week that violations occurred or continue to occur," up to a maximum of $2,500.00 "together with costs and reasonable attorney's fees." N.Y. Labor Law § 198(1-d) (McKinney 2011). Effective February 27, 2015, the penalty under this section of New York law increased to $250.00 per day up to a maximum of $5000.00, plus costs and reasonable attorneys' fees. *See*, N.Y. Labor Law § 198(1-d).

Here, Plaintiff has adequately alleged that throughout the term of employment, Defendants failed to provide it with proper wage statements as required by New York law.

## V.   Defendant is Liable For Its Failure to Provide Plaintiff With Statutorily Required Wage Notices

Pursuant to New York law, also since April 9, 2011, employers have been required to provide employees with wage notices containing certain statutorily required information at the

time of hire and "on or before February first of each subsequent year of the employee's

employment with the employer". *See*, N.Y. Labor Law § 195(1)(amended by 2014 N.Y Laws ch.

537 § 1)[1].

Failure to provide proper wage notices constitutes a violation of this section for which

employers are liable for statutory penalties. *See*, N.Y. Labor Law § 198(1-b). From April 9, 2011

until February 26, 2015, as a remedy the employee is entitled to "fifty dollars for each work

week that the violations occurred or continue to occur" up to a maximum of $2,500.00 "together

with costs and reasonable attorney's fees." N.Y. Labor Law § 198(1-b) (McKinney 2011).

After February 27, 2015 the penalty rises to "fifty dollars for each work day that the

violations occurred or continue to occur" up to a maximum of $5,000.00 "together with costs and

reasonable attorney's fees." N.Y. Labor Law § 198(1-b)

## VI.    Plaintiff is Entitled To Damages For Defendant's Violations Of The F.L.S.A. and N.Y.L.L.

When a plaintiff claims F.L.S.A. and N.Y.L.L violations in the context of a default

judgment, "the plaintiff's recollection and estimates of hours worked are presumed to be

correct." *Gunawan v. Sake Sushi Rest.,* 897 F.Supp.2d 76, 83 (E.D.N.Y. 2012);

a.   *Plaintiff's Overtime Damage Calculation*

Here, Plaintiff, upon its recall and recollection, worked from on or about July 25, 2023 to

on or about November 5, 2024. During such time, Plaintiff, upon its recall and recollection,

worked twelve (12) if working a five day week or twenty-three (23) overtime hours per week if

working a six day week which occurred twice a month until December 23, 2023.

---

[1] This amendment became effective December 28, 2014 and removed the requirement that an employer had to give these notices to an employee annually.

Plaintiff's overtime rate is $9.52 if Plaintiff worked six (6) days a week or $11.43 if Plaintiff worked five (5) days a week; or Plaintiff's weekly compensation of $1,200.00 on average due to paid per contracted installation divided by the hours worked by Plaintiff.

Due to the fluctuating work week on overtime hours, Plaintiff has annexed hereto a spreadsheet of the damage calculation as Exhibit "7."

Therefore, Plaintiff is owed $11,034.29 in unpaid overtime wages; or the total amount of overtime hours worked during the employment period multiplied by the applicable overtime rate.

b. _Defendant's Violations Are Deemed Willful For the Purposes of Damage Calculations on Default._

Under the F.L.S.A. and N.Y.L.L, employees may be entitled to liquidated damages equal to the amount owed for unpaid wages. 29 U.S.C. § 216(b); N.Y.L.L § 198(1-a). Liquidated damages are recoverable under the N.Y.L.L "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law." N.Y.L.L § 198(1-a); _see also_ 29 U.S.C. § 260 (giving courts discretion to award no liquidated damages where the employer makes a showing of good faith). A defendant's burden to show good faith is "a difficult one" even when the defendant makes an appearance in a case. _Barfield v. N.Y. City Health & Hosps. Corp._, 537 F.3d 132, 150 (2d Cir. 2008). Here, Defendants have not responded to Plaintiffs' claims and have made no showing of good faith and, therefore, liquidated damages are appropriate. _See, e.g._, _Xochimitl v. Pita Grill of Hell's Kitchen, Inc._, No. 14-CV-10234 (JGK) (JLC) (S.D.N.Y. Sept. 8, 2016) (defaulting defendants did not show good faith), _report and recommendation adopted_, 2016 WL 6879258, (S.D.N.Y. Nov. 18, 2016). Thus, Plaintiff is owed one hundred percent of overtime wages owed, or $11,034.29.

c. _Hearing Concerning Damages Is Unnecessary As Plaintiff Has Filed Detailed Declarations Concerning Its Damages._

To establish damages upon a default, the movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Natale v. Country Ford Ltd.*, No. CV 10-4128 (ADS) (GRB), 2014 U.S. Dist. LEXIS 132832, at *1 (E.D.N.Y. Aug. 20, 2014) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992)). "A plaintiff must therefore substantiate a claim with evidence to prove the extent of damages." *Belizaire v. RAV Investigative and Sec. Servs. LTD.*, 61 F. Supp. 3d 336, 345 (S.D.N.Y 2014).

"The court may conduct hearings or make referrals" when it needs to, among other things, "determine the amount of damages" and "establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b)(2). "In permitting, but not requiring, a district court to conduct a hearing before ruling on a default judgment, Rule 55(b) commits this decision to the sound discretion of the district court." *Finkel v. Romanowicz*, 577 F.3d 79, 87 (2d Cir. 2009). It is "not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment." *Fustok v. Conticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

An affidavit that sets forth the number of hours worked and pay received is sufficient for the Court to establish damages where the defendant defaults. *See*, *Maldonado v. La Nueva Rampa, Inc.*, 2012 U.S. Dist. LEXIS 67058 (S.D.N.Y. May 14, 2012); *Angamarca v. Pita Grill 7 Inc.*, 2012 U.S. Dist. LEXIS 108322 (S.D.N.Y. Aug. 2, 2012); *Rodriguez v. Queens Convenience Deli Corp.*, No. 09-cv- 1089(KAM)(SMG) (E.D.N.Y. Oct. 18, 2011).

Plaintiff has submitted a sworn declaration pursuant to 28 U.S.C § 1746 delineating the basis of damages including the hours worked and pay received, thus provide the requisite information necessary for a determination at this default stage.

**VII.    Plaintiff Is Entitled To Interest On Its Damages**

     *a.    Plaintiff Is Entitled to Pre-Judgment Interest*

In any action instituted in the courts upon a wage claim by an employee . . . in which the employee prevails, the court shall allow such employee to recover . . . prejudgment interest as required under the civil practice law and rules." N.Y.L.L § 198(1-a). Plaintiffs may recover both prejudgment interest and liquidated damages under the N.Y.L.L. *Saucedo v. On the Spot Audio Corp.*, No. 16-CV-451 (CBA) (CLP), (E.D.N.Y. Dec. 21, 2016) (finding that both are recoverable because "liquidated damages and prejudgment interest are not functional equivalents under the N.Y.L.L"), *report and recommendation adopted*, 2017 WL 780799 (E.D.N.Y. Feb. 28, 2017), *vacated on other grounds*, 2018 WL 4347791 (E.D.N.Y. Jan. 23, 2018).

Plaintiffs may recover prejudgment interest under the N.Y.L.L for wages owed, but not for liquidated damages. *Gamero v. Koodo Sushi Corp.*, 272 F.Supp. 3d 481, 515 (S.D.N.Y. 2017).

Under the N.Y.L.L, prejudgment "[i]nterest shall be at the rate of nine per centum per annum, except where otherwise provided by statute." N.Y. C.P.L.R. § 5004(a). It is "computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred." N.Y. C.P.L.R. § 5001(b). "Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." *Id.*

"Courts applying N.Y. CPLR § 5001 have wide discretion in determining a reasonable date from which to award pre-judgment interest, and interest is calculated using the simple rate, not a compounded rate . . . ." *Fermin*, 93 F.Supp.3d at 49 (citations and quotations omitted).

Prejudgment interest is calculated by multiplying nine percent (9%) of the total amount of unpaid wages by the number of years passed between the intermediate date and the date of judgment entry. Nine percent of the total amount of unpaid wages is equal to $993.08. Plaintiff requests this Court to award pre-judgment calculated by multiplying $993.08 by the number of years between the intermediate date and when judgment is entered.

    b.   *Plaintiff Is Entitled to Post-Judgment Interest*

Plaintiff is entitled to post judgment interest under 28 U.S.C. § 1961(a). *See* 28 U.S.C. § 1961(a).  Post-judgment interest is calculated "from the date of the entry of the judgment at [the federal] rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding the date of judgment." *Id*. (typographical error and explanatory footnote omitted).

Thus, Plaintiff requests that post-judgment interest be awarded on all sums awarded to accrue from the entry of judgment until the date of payment.

    c.   *Plaintiff Is Entitled to Increased Interest In the Event Defendant Fails to Pay*

Under the N.Y.L.L, "[a]ny judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal therefrom is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent. N.Y.L.L § 663(4). Damages and prejudgment interest are "automatically increase[d] by fifteen percent" if they remain unpaid 90 days after judgment was entered. *Rosendo v. Everbrighten, Inc.*, No. 13-CV-7256 (JGK), (S.D.N.Y. July 28, 2015).

22

Thus, Plaintiff requests that post-judgment interest be increased to fifteen percent (15%) on all sums awarded to occur after ninety (90) days should the Defendant fail to pay amounts owed in the entered judgment.

## VIII.   Plaintiff Is Entitled To Attorneys' Fees and Costs

Both the F.L.S.A. and the N.Y.L.L are fee-shifting statutes that entitle the prevailing party to recover its reasonable attorneys' fees and costs. 29 U.S.C. §216(b) ("The Court in such action *shall*… allow a reasonable attorney's fee to be paid by the defendant, and costs of the action) (emphasis added); N.Y. Labor Law § 198(1-a) ("In any action… in which the employee prevails, the court *shall* allow such employee reasonable attorney's fees…") (emphasis added).

### a.   *Plaintiff is the Prevailing Party*

A plaintiff is the prevailing party if he succeeds "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Likewise, to qualify as a prevailing party, a plaintiff must demonstrate a change in the legal relationship between him/herself and the defendant arising from the resolution of the lawsuit. *See Texas State Teachers Ass'n v. Garland Indep. Sch. Dist*., 489 U.S. 782, 792 (1989); *see also*, *Shariff v. Alsaydi*, No. 11-CV-6377 (FB)(SMG) (E.D.N.Y. July 26, 2013) ("Having obtained a default judgment against defendants, plaintiff is a prevailing party eligible to recover attorney's fees and costs.")

Here, Plaintiff, upon entry of default, is clearly the prevailing party, having thus altered the legal relationship between himself and the Defendants, a conclusion which will be strengthened by any monetary award that the Court grants Plaintiff pursuant to the instant motion. Accordingly, Plaintiff is entitled to recover reasonable attorneys' fees and costs incurred

in connection with his lawsuit. If the Court agrees and if default is ordered, Plaintiff's counsel requests 30 days to file a motion for attorneys' fees and costs.

b. _Lodestar Method Is the Proper Method To Calculate Attorney Fees_

The traditional approach to determine a fee award is the "lodestar" calculation, which is the number of hours spent towards the litigation multiplied by a reasonable hourly rate. _See Healey v. Leavitt_, 485 F.3d 63, 71 (2d Cir. 2007).

While the Second Circuit, in _Arbor Hill Concerned Citizens Neighborhood Ass'n, v. Cnty. of Albany_, 522 F.3d 182, 190 (2d Cir. 2008), adopted the Fifth Circuit's more discretionary and multi-factored "presumptively reasonable fee approach" from _Johnson v. Georgia Highway Express, Inc._, 488 F.2d 714, 717-19 (5th Cir. 1974), the Supreme Court has since approved the lodestar method over the Arbor Hill/Johnson test. _See Perdue v. Kenny A. ex rel. Winn_, 130 S.Ct. 1662, 1672 (2010).

Specifically, the Supreme Court held that:

> [a]lthough the lodestar method is not perfect, it has several important virtues. First, in accordance with our understanding of the aim of fee-shifting statutes, the lodestar looks to the prevailing market rates in the relevant community… Second, the lodestar method is readily administrable, and unlike the Johnson approach, the lodestar calculation isobjective, and thus cabins the discretion of trial judges, permits meaningful judicial review, and produces reasonably predictable results.
>
> _Id._

One year later, in recognition of the _Perdue_ decision, the Second Circuit held that "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case creates a 'presumptively reasonable fee'". _Millea v. Metro-North R. Co._, 658 F.3d 154, 166 (2d Cir. 2011) (citing _Perdue_, 130 S.Ct. at 1673).

Since *Millea*, the Second Circuit has reaffirmed the use of the lodestar approach to calculate attorneys' fees. *See*, *e.g.*, *Stanczyk v. City of New York*, 752 F.3d 273, 284-85 (2d Cir. 2014).

Utilizing the lodestar method to award attorneys' fees, and the attorneys' regular hourly rate effectuates the greater public policy consideration of providing an F.L.S.A plaintiff with quality representation, because counsel is placed in the same condition as he would have been in the regular course of business, representing any other plaintiff who pays out of pocket. *See Allende*, 783 F. Supp. 2d at 513- 14 (internal citations omitted).

This consideration is of great importance because the typical F.L.S.A plaintiff is represented on a contingent fee or pro bono basis, and there is no guarantee that counsel will be paid for his or her work, despite diligent effort. To arrive at a lodestar calculation, "[t]he party seeking an award of attorneys' fees should submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 434.

c. *The Requested Attorney Fees Are Reasonable*

The relevant community for a fee determination is the judicial district in which the trial court sits. *In re "Agent Orange" Prod. Liability Litig.*, 818 F.2d 226, 232 (2d Cir. 1987).

To determine the prevailing market rate, "[t]he rates used by the court should be current rather than historic hourly rates." *Reiter v. Metro Transp. Auth. of N.Y.*, 457 F.3d 224, 232 (2d Cir. 2006). Additionally, "courts may conduct an empirical inquiry based on the parties' evidence or may rely on the court's own familiarity with the rates if no such evidence is submitted." *Wong v. Hunda Glass Corp.*, 2010 U.S. Dist. LEXIS 90736, *6 (S.D.N.Y. Sept. 1, 2010).

Furthermore, "the range of rates that a plaintiff's counsel actually charges their clients… is obviously strong evidence of what the market will bear." *Rozell v. Ross-Holst*, 576 F.Supp 2d 527, 544 (S.D.N.Y. 2008).

Finally, the accepted, recognized rates for attorneys operate on a sliding scale, depending on position and experience and range from $100.00 to $200.00 for junior associates and $300.00 to $450.00 for partners. *See*, *Small v. New York City Transit Auth.*, No. 09 Civ. 2139, 2014 U.S. Dist. LEXIS 39582, at *13 (E.D.N.Y. Mar. 25, 2014) (recognizing rates of $300-$450 per hour for partners, $200-$300 per hour for senior associates, and $100-$200 per hour for junior associates); *Nicaisse v. Stephens & Michaels Associates, Inc.*, No. CV 14-1570, 2016 U.S. Dist. LEXIS 76079, at *9 (E.D.N.Y. June 9, 2016), *report and recommendation adopted*, No. 14-CV-1570, 2016 U.S. Dist. LEXIS 107082 (E.D.N.Y. Aug. 12, 2016); *Ferrara v. Prof'l Pavers Corp.*, 2013 U.S. Dist. LEXIS 45944, *26-27 (E.D.N.Y. Feb. 15, 2013) (finding hourly rates of $400 for partners, $300 for senior associates, and $200 for junior associates).

     d.    *Attorney Fees for Work Performed By Lawrence Spasojevich*

Plaintiff seeks attorneys' fees using the hourly rates of $400.00 for Mr. Spasojevich.

Mr. Spasojevich graduated from Illinois College with a B.A. in History in 2001 and then attended law school at the University of San Diego School of Law where he graduated in 2009. Mr. Spasojevich was admitted to the State Bar of New York in 2011. Since his admission in New York, Lawrence Spasojevich has primarily focused on litigation, initially as an associate with McCormack & Mattei for approximately a year and half (1½) then for the Law Offices of James F. Sullivan for approximately one (1) year followed by approximately two (2) years with Goldberg, Miller and Rubin, P.C. Mr. Spasojevich then transitioned to a position as Assistant General Counsel, Level III at the Office of the Mayor, Office of Labor Relations for the City of

New York for approximately a year and half (1½). Following serving the City of New York, Mr. Spasojevich returned to the Law Office of James Sullivan in 2018 where seventy percent (70%) of his case load concentrated on wage and hour matters, either individual, multi-plaintiff, or collective actions, in the Eastern District of New York, Southern District of New York, and New York State Courts. In 2019, Mr. Spasojevich accepted a position as *of counsel* for Aidala, Bertuna and Kamins, P.C. where he developed a plaintiff's side employment practice.

In 2021, Mr. Spasojevich opened S.L.P.C., focusing on plaintiff-side employment matters, assisting New Yorkers in wage and hour matters, discrimination matters, and matters of contract in the Western District of New York, Southern District of New York, and Eastern District of New York as well as the State Courts of the State of New York where S.L.P.C., under his guidance, has filed or has resolved a multitude of individual actions under the F.L.S.A and N.Y.L.L..

These rates are within the range of rates charged by practitioners in the field and are consistent with recent attorneys' fee awards in this District of New York as explained above.

Given the accepted rates in actions arising under the F.L.S.A and N.Y.L.L. in this district, as well as the preapproved rates of Plaintiff's Counsel, Plaintiff's requested fees fall within the normal range and are clearly reasonable.

Mr. Spasojevich has expended a total of 5.4 hours on this action. This action was commenced on November 26, 2024, and entailed litigation practice culminating in a judgment against the Defendant on F.L.S.A and N.Y.L.L. claims. *See* Spasojevich Declaration. From the outset, Mr. Spasojevich thoroughly investigated Plaintiff's claims, focusing on the underlying merits of the claims and damages to which Plaintiff was entitled.

When Defendant failed to appear for this action, Plaintiff requested a certificate of default and engaged the Court in substantive motion practice. Each of these areas required diligent preparation in order to obtain a successful result.

A party seeking fees bears the burden of supporting its claim of hours expended by accurate, detailed, and contemporaneous time records. *See New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983).

The time spent by Mr. Spasojevich is described in the Declaration of Lawrence Spasojevich, Esq. and evidenced by Mr. Spasojevich's contemporaneous time records attached thereto. *See* Spasojevich Declaration; Exhibit 5. The hours expended by Mr. Spasojevich represent hours and work necessary to properly represent Plaintiff throughout this litigation, including through Inquest. As a result of these efforts, the Plaintiff prevailed on all the substantive claims as alleged in the Complaint. *See* Spasojevich Declaration; Exhibit 1.

The hours spent on behalf of Plaintiff by Mr. Spasojevich in this matter are not duplicative nor excessive and were all handled as efficiently as possible. *Id.*

Given the objective that statutory attorneys' fees compensate counsel sufficiently enough to promote qualified attorneys to represent meritorious wage and hour claims, and the consideration that Mr. Spasojevich has demonstrated hours that are not excessive or duplicative, Mr. Spasojevich has demonstrated that S.L.P.C. is entitled to their legal fees in their entirety for the work performed by Mr. Spasojevich in the amount of $$2,120.00.

    *e.*    <u>*The Requested Costs are Reasonable*</u>

S.L.P.C. requests reimbursement of $506.35 in out-of-pocket expenses. *See* Spasojevich Declaration.

As a prevailing party, Plaintiff is entitled to reasonable costs.

28

The law is clear that a prevailing plaintiff in a FLSA action is entitled to "costs of the action". 29 U.S.C. §216(b); *Smith v. Nagai*, 2012 U.S. Dist. LEXIS 89352, *17 (S.D.N.Y. May 15, 2012).

S.L.P.C.'s expenses were incidental and necessary for the representation of Plaintiff.

These expenses include filing and service fees. *See* Exhibits 5 and 6. S.L.P.C. respectfully requests the reimbursement in full for litigation expenses.

## **CONCLUSION**

**WHEREFORE**, the Plaintiff, ALEKSEI PANOV, respectfully request that this Honorable

Court enter an Order and Judgment against the Defendant as follows:

a.) An award of $11,034.29 in unpaid overtime wages;

b.) An award of $11,034.29 in liquidated damages as applied to Plaintiff's overtime wage

claim;

c.) An award of $5,000.00 for violations of N.Y.L.L § 195(1);

d.) An award of $5,000.00 for violations of N.Y.L.L § 195(3);

e.) An award of prejudgment interest;

f.) An award of post judgment interest;

g.) An award of attorneys' fees in the amount of $2,120.00; and,

h.) An award of costs in the amount of $506.35.

Dated: Queens, New York
        September 25, 2025

**SPASOJEVICH LAW, P.C.**

*Lawrence Spasojevich*

By: Lawrence Spasojevich, Esq.
*Attorneys for the Plaintiff(s)*
52 Duane Street, 7th Floor
New York, New York 10007
(914) 487-3592

30