Lawrence Spasojevich (LS0945)
Spasojevich Law, P.C.
*Attorneys for Plaintiff*
52 Duane Street, 7th Floor
New York, New York 10007
Tele:   (914) 487-3592
Email: ls@spasojevichlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ALEKSEI PANOV,

                                   Plaintiff,

 -against-

PRESTIGE WINDOW WORKS CORPORATION,

                               Defendant.

CASE NO.
2:24-CV-8199

**DECLARATION OF LAWRENCE SPASOJEVICH, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, FOR DAMAGES, AND COMPLIANCE WITH 50a U.S.C. § 521.**

ECF Case,

---

Lawrence Spasojevich, Esq. hereby declares pursuant to 28 U.S.C. § 1746 and under penalty of perjury as follows:

1.      I am lead attorney at Spasojevich Law, P.C. and counsel for the named Plaintiff,

ALEKSEI PANOV.

2.      I am familiar with the facts and circumstances alleged in this action.

3.      I make this declaration in support of the Plaintiff's Motion for Default Judgment and

Damages against Defendant, PRESTIGE WINDOW WORKS CORPORATION.

4.      This motion is being made pursuant to Rule 55(b)(2) of the Federal Rules of Civil

Procedure and Local Civil Rule 55.2. The grounds of this motion are that the Defendant, and

each of them, have failed or plead or otherwise defend within the time required for them to do so.

## Statement of Claims and Procedural History

5.      Plaintiff brought this action to recover for Defendant's willful violations of:

    (i)      the overtime provisions of the Fair Labor Standards Acts ("F.L.S.A."), 29 U.S.C.

        § 207(a);

    (ii)     the overtime provisions of the New York Labor Law ("N.Y.L.L"), N.Y.L.L § 160;

        N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2;

    (iii)    the N.Y.L.L.'s requirement that employers provide on each payday proper wage

        statements to their employees containing specific categories of accurate

        information, N.Y.L.L § 195(3); and,

    (iv)     the requirement that employers furnish employees with a wage notice at the time

        of hiring and/or on an annual basis containing specific categories of information,

        N.Y.L.L § 195(1).

6.      Plaintiff commenced this action by filing a Summons and Complaint against the

Defendant on November 26, 2024. A true and correct copy of the issued Summons and a true

and correct copy of the filed Complaint is appended hereto as Exhibit "1"

7.      The Defendant PRESTIGE WINDOW WORKS CORPORATION was served pursuant

to N.Y Bus. Corp. Law § 306, service of process on New York's Secretary of State as an agent for

a corporation on December 10, 2024. A true and correct copy of this affidavit of service is appended hereto as Exhibit "2".

8.      The time for Defendants, and each of them, to answer or otherwise move with respect to the Complaint herein has expired and no answer or motion has appeared on the docket.

9.      On January 27, 2025, the Clerk of the District Court of the Eastern District of New York entered a Certificate of Default against the Defendant. A true and correct copy of the Certificate of Default is appended hereto as Exhibit "3".

## Statement of Damages

10.     A true and correct copy of the declaration signed by Plaintiff, ALEKSEI PANOV, concerning its employment with the Defendant is appended hereto as Exhibit "4".

11.     In the declaration, Plaintiff, ALEKSEI PANOV, states that the term of employment with the Defendant was from on or about July 25, 2023 to November 5, 2024. *Id*.

12.     Upon recall and recollection, Plaintiff worked a schedule of Monday through Friday 8:00 a.m. to 6:30 p.m. and Saturdays 8:00 a.m. to 6:30 p.m. twice a month during the year 2023. *Id*.

13.     Plaintiff worked from Defendant's place of business located at 1955 East 7th Street Apt. #2D Brooklyn, New York 11223.

14.     Given the above, Plaintiff, ALEKSEI PANOV, worked on average fifty-two (52) or sixty-three (63) hours per week. *Id*.

15.     Upon recall and recollection, Plaintiff was paid a daily rate of $1,200.00 on average due to paid per contracted installation. *Id*.

**Plaintiff's Overtime Claim**

**Overtime Rate As Applied to Plaintiff's Daily Rate**

16.     Plaintiff's regular rate was $19.05 if Plaintiff worked six (6) days a week or $22.86 if plaintiff worked five (5) days a week, or Plaintiff's total compensation for the week ($1,200.00) divided by the hours worked by Plaintiff.

17.     Plaintiff was entitled to the overtime wage rate of one and a half times the regular minimum wage rate in the applicable year.

18.     Therefore, according to Plaintiff's damage calculation annexed hereto as Exhibit 7 with a fluctuating work-week, Plaintiff's overtime rate was $9.52 if Plaintiff worked six (6) days a week or $11.43 if Plaintiff worked five (5) days a week.

**Overtime Wage Claim Computation**

19.     In order to calculate Plaintiff's overtime claim, the overtime rates above were multiplied by the number of overtime hours, or hours worked over forty (40) in a work week, worked by Plaintiff, twelve (12) or twenty-three (23) hours.

20.     Plaintiff worked sixty-six (66) weeks for the Defendant.

21.     As such and according to Plaintiff's damage calculation annexed hereto as Exhibit 7, Plaintiff is owed $11,034.29 in unpaid overtime compensation.

22.     Under the N.Y.L.L, Plaintiff is entitled to $11,034.29 in liquidated damages; or one hundred percent (100%) of unpaid wages owed.

23.     Plaintiff is also entitled to the maximum statutory damages under N.Y.L.L § 195(1) of $5,000.00 as Defendant never furnished an annual wage notice. *Id.*

24.     Plaintiff is also entitled to the maximum statutory damages under N.Y.L.L § 195(3) of $5,000.00 as Defendant never furnished a proper pay stub. *Id.*

**Attorney Fees**

**Background and Experience**

25.     S.L.P.C. is a boutique law firm located at 52 Duane Street, 7th Floor, New York, New

York 10007 that is dedicated to representing employees with claims arising under the various

wage and hour laws and anti-discrimination laws.

26.     I graduated from Illinois College with a B.A. in History in 2001. I then attended law

school at the University of San Diego School of Law where I graduated in 2009. I was admitted

to the State Bar of New York in 2011

27.     Since my admission to the New York State Bar, I have primarily focused on litigation,

initially as an associate with McCormack & Mattei for approximately a year and half (1½) then

for the Law Offices of James F. Sullivan for approximately one (1) year followed by

approximately two (2) years with Goldberg, Miller and Rubin, P.C. I then transitioned to a

position as Assistant General Counsel, Level III at the Office of the Mayor, Office of Labor

Relations for the City of New York for approximately a year and half (1½). Following serving

the City of New York, I returned to the Law Office of James Sullivan in 2018 where seventy

percent (70%) of my case load concentrated on wage and hour matters, either individual, multi-

plaintiff, or collective actions, in the Eastern District of New York, Southern District of New

York, and New York State Courts.

28.     In 2019, I accepted a position as *of counsel* for ABK, where I have developed a plaintiff's

side employment practice, representing over a hundred

29.     In 2021, I founded Spasojevich Law, P.C., a practice that focuses solely on employee-

side representation and prosecuting claims arising under various Federal, State and Local labor

laws and human rights laws.

30.     The Court has repeatedly approved settlements where I have calculated the lodestar rate at $400.00 an hour. *Nelson Meija Cedillos et. al. v. VEM Group Corp.* 1:20-cv-03249-PK (E.D.N.Y., May 4, 2021); *Zambri v. Ocean Breeze Pharmacy, Inc. et. al.* 1:20-cv-00749-CLP (April 9, 2021); *Deturris v. Fasco Mechanical & Contracting Inc. et. al.* 1:20-cv-02616-RER (October 2, 2020); *Watson v. Dependable Ambulette, Inc. et al.* 1:20-cv-00750-WFK-VMS (September 22, 2020). *Hernandez v. Jet Cesspool Corp.* 2:24-cv-05155-SIL (March 20, 2025).

31.     When I do hourly work, I typically charge clients $500.00 per hour.

32.     Plaintiff is requesting a rate of $400.00 per hour for my role in the successful prosecution of this matter.

## Time Expended

33.     Plaintiff seeks reasonable attorneys' fees for the time that I expended in connection with the claims on which Plaintiff prevailed.

34.     During the course of this litigation from inception through completion, I maintained contemporaneous time records for this matter.

35.     The detailed time records are set forth in schedules created and organized by the software S.L.P.C. uses a matter of business. The contemporaneous detailed time records associated with this matter is annexed hereto as Exhibit "5".

36.     Plaintiff is requesting fees for $2,120.00 of work that I performed.

37.     The 5.4 hours worked by myself were reasonable and necessary in the context of this case.

## Reasonable Rates

38.     The rates charged by SLCP in this matter were $400.00 per hour for myself.

39.     These rates are reasonable and well within the range of accepted rates for attorneys of my

experience handling employment matters in this District of New York.

40.    As the Exhibit "5" spreadsheet indicates, I spent 5.4  hours in the aggregate, totaling

$2,120.00 at the rates requested.

41.    Lastly, another factor to be considered in determining the reasonableness of requested

rate is that S.L.P.C. took significant risk in handling this matter on business contingency fee

basis.

42.    Factoring into that risk are the risks of time, costs, and efforts that may not yield a

success to the clients and therefore the firm. There are still significant risks of collectability

which remain which cannot begin until a judgment is entered.

43.    It is not unrealistic to think that Defendant will fail to voluntarily satisfy their obligations.

## Costs and Expenses

44.    Plaintiff seeks reimbursement for out-of-pocket expenses that S.L.P.C. expended in

connection with the above-mentioned claims. During the course of this litigation from inception

through completion, S.L.P.C. maintained computerized records concerning the amount of costs

expended for this matter as we do for all law firm matters.

45.    Specifically, S.L.P.C. is requesting reimbursement for the following:

| Item No. | Description | | Amount Incurred |
|---|---|---|---|
| 1 | Filing Fee to the Clerk of the Court | | $405.00 |
| 2 | Service of Process on PRESTIGE WINDOW WORKS CORPORATION | | $101.35 |
| | **TOTAL** | | $506.35 |

46.     Total requested reimbursement is $506.35.

47.     Attached hereto as Exhibit "6" is an itemized report of expenses and copies of invoices for Service of Process services rendered.

48.     I affirmed that these costs were necessarily incurred and expended in this case and the services for which fees have been charged were actually and necessarily performed.

**Compliance with Servicemembers Civil Relief Act 50(a) U.S.C. § 521**

49.     Pursuant to Servicemembers Civil Relief Act 50(a) U.S.C. § 521, I submit this Declaration to state that the Defendant, PRESTIGE WINDOW WORKS CORPORATION, is not in military service as Defendant, PRESTIGE WINDOW WORKS CORPORATION is not and individual but a corporation and therefore, Servicemembers Civil Relief Act 50(a) U.S.C. § 521.

    **WHEREFORE**, it is respectfully requested that this Court enter judgment as to liability against the Defendant in the amounts set forth herein as well as for such other and further relief as this Court may deem appropriate.

  Dated: New York, New York
        September 25, 2025

                            **SPASOJEVICH LAW, P.C.**

                            *Lawrence Spasojevich*
                            By: Lawrence Spasojevich, Esq.
                            52 Duane Street, 7th Floor
                            New York, New York 10007
                            (914) 487-3592

38