Lawrence Spasojevich (LS0945)
Spasojevich Law, P.C.
*Attorneys for Plaintiff*
52 Duane Street, 7th Floor
New York, New York 10007
Tele:   (914) 487-3592
Email: ls@spasojevichlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ALEKSEI PANOV, | CASE NO. 2:24-CV-8199 |
| Plaintiff, | **[PROPOSED] ORDER OF DEFAULT JUDGMENT** |
| -against- | |
| PRESTIGE WINDOW WORKS CORPORATION, | ECF Case, |
| Defendant | |

---

Having reviewed all the moving papers, I hereby find as follows:

**Service of Process and Default:**

X    The record reflects that proper service was made on Defendant.
*See* Docket Entry ("DE") No. 6.

X    According to the record, no answer, motion or other appearance was filed on behalf of Defendant.

X    The Clerk has properly entered notation of default pursuant to Fed. R. Civ. P. 55(a).
*See* DE No. 10.

**Liability:**

  Defendant's default constitutes "an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co. v. 1–800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir.2004). Nevertheless, the Court is "required to determine whether the [plaintiffs'] allegations establish [defendant]'s liability as a matter of law." *Finkel v. Romanowicz, 577 F.3d 79, 85 (2d Cir. 2009)*.

  Based upon examination of the complaint and motion papers, I find that Plaintiff has demonstrated that the uncontroverted allegations, without more, establish the Defendant's liability on the following cause(s) of action:

(i)  Failure to pay wages at the overtime rate in violation of the Fair Labor Standards Act, 29 U.S.C. 201 *et. seq.* ("F.L.S.A.");
(ii)  Failure to pay wages at the overtime rate in violation of the New York Labor Law ("N.Y.L.L");
(iii)  Failure to provide proper wage notices and paystubs in violation of N.Y.L.L. § 195(1) and 195(3).

                 *See* DE No. 1.

**Damages:**

Based upon a review of affidavits and other documentary evidence, *see Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (holding a court may rely upon affidavits and documents in calculating damages upon default), I find that the plaintiffs have established damages in the following amounts:

Principal Damages,                        $11,034.29
Basis:
    $11,034.29  in unpaid wages at the overtime wage rate;
    $11,034.29  in liquidated damages for unpaid wages at the applicable overtime wage rate; and,
    $10,000.00 in statutory penalties.

**Pre-judgment Interest:**
Nine Percent (9%) of total unpaid wages, or $993.08, from midway point between November 26, 2024 to date of judgment.

**Post-Judgement Interest:**
Interest pursuant to 28 U.S.C. § 1961(a) from the time of the entry of judgment until satisfaction of judgment; and,

Increase in the interest at a rate to fifteen percent (15%) on all sums after not paid after ninety (90) of the entry of judgment pursuant to N.Y.L.L § 663(4).

**Attorney Fees:**
Attorney Fee Award for work performed by Lawrence Spasojevich, Esq. $2,120.00

**Costs:**
Filing Fee of $405.00; and,
Service Costs upon PRESTIGE WINDOW WORKS CORPORATION in the amount of $101.35.

**TOTAL $34,694.93**

**Conclusion**

For the foregoing reasons, the undersigned grants plaintiffs' motion, and awards damages in a manner consistent with this opinion.

SO ORDERED.

_____
Sanket J. Bulsara, United States District Judge

_____
Date