# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

November 29, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Sanket J. Bulsara, U.S.D.J.
100 Federal Plaza, Courtroom 930
Central Islip, NY 11722-4438

*Re:*   **Panov v. Prestige Window Works Corp.**
**Case No.: 2:24-cv-8199 (SJB) (AYS)**

Dear Judge Bulsara:

This firm was just retained to represent the Defendant in the above-referenced case, who respectfully submit this letter[1] motion in accordance with ¶¶ VI.A of this Court's Individual Rules (hereinafter the "Individual Rules") to vacate the certificate of default entered against the Defendant (ECF Docket Entry 10), as well as to respectfully request a sixty (60) day extension of time to (1) oppose Plaintiff's default judgment motion pending decision on same, and (2) respond to the Plaintiff's Complaint, in accordance with ¶ IV.B of this Court's Individual Rules.

## Good Cause Exists to Vacate the Certificate of Default Entered Against Defendant

Good cause exists to vacate the certificate of default entered against Defendant. Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule"), the Court "may set aside an entry of default *sua sponte* for good cause." <u>See</u> <u>Negrin v. Kalina</u>, No. 09-CIV.-6234, 2012 WL 4074992, at *2 (S.D.N.Y. Sept. 11, 2012); <u>see also</u> Fed. R. Civ. P. 55(c).

"Relief from default under Rule 55(c) is to be granted at the discretion of the court upon consideration of the individual circumstances of the case and the credibility and good faith of the parties." <u>See</u> <u>Weisel v. Pischel</u>, 197 F.R.D. 231, 238 (E.D.N.Y. 2000). Moreover, "the standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the ... standard for setting aside a default judgment ... pursuant to Rule 60(b)."[2] <u>See</u> <u>Grosso v. Radice</u>, No. 07-CIV.-3620, 2007 WL 4441022, at *1 (E.D.N.Y. Dec. 10, 2007) (internal quotation marks and citations omitted).

---

[1] Although a review of this Court's Individual Practices for Civil and Criminal Cases ("Individual Rules") indicates that this request should be made through formal motion practice, Defendant respectfully submits the following two (2) grounds for leave to move for the relief requested by letter motion: (i) the Defendant respectfully wishes to conserve legal resources consisted with Rule 1; and (ii) the vacatur of a clerk's entry of default is arguably a ministerial matter under the Individual Rules and Local Civil Rules.

[2] Although a motion for a default judgment has been made, no default judgment has been entered. As such, the less rigorous standard applies.

To evaluate good cause, the Court considers: "'(1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom default was awarded; and (3) whether the moving party has presented a meritorious defense.'" See Murray Eng'g, P.C. v. Windermere Props. LLC, No. 12-CIV.-52, 2013 WL 1809637, at *3 (S.D.N.Y. Apr. 30, 2013) (quoting Peterson v. Syracuse Police Dep't, 467 Fed. Appx. 31, 33 (2d Cir. 2012)). When considering these factors, if "'doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party.'" See Murray, 2013 WL 1809637, at *3 (quoting Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993)). Indeed, the Second Circuit has made clear that it prefers that disputes "'be resolved on the merits, not by default.'" See Jenn-Ching Luo v. Baldwin Union Free Sch. Dist., No. 12-CIV.-3073, 2014 WL 3943099, at *4 (E.D.N.Y. Aug. 12, 2014), aff'd, 677 Fed. Appx. 719 (2d Cir. 2017) (quoting Azikiwe v. Nigeria Airways Ltd., No. 03-CIV.-6387, 2006 WL 2224450, at *1 (E.D.N.Y. July 31, 2006)). Further, Rule 1 provides that the Rules "should be construed, administered, and employed *by the court* and the parties to secure the *just, speedy, and inexpensive determination* of every action and proceeding." See Fed. R. Civ. P. 1 (emphasis added). Here, good cause abounds to vacate the certificate of default and all the factors to be weighed by this Court militate in favor of same.

With respect to the first factor, "'willfulness,' in the context of a default, ... refer[s] to conduct that is more than merely negligent or careless, but is instead egregious and ... not satisfactorily explained." See Bricklayers & Allied Craftworkers Local 2 Pension Fund ex rel. O'Sick v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 186 (2d Cir. 2015). Even a defendant who was "grossly negligent" in failing to answer was not necessarily willful; "[r]ather, the defaulting party must have engaged in deliberate or egregious conduct." See Sream Inc. v. Saakshi Enters. Inc., No. 16-CIV.-1408 (NG) (RML), 2017 WL 2633510, at *2 (E.D.N.Y. June 15, 2017). Here, the the principal of the Defendant is an immigrant who does not have a strong command of the English language and was not aware of any service of process upon him. Based on his lack of understanding, no willfulness can be inferred.

As to the second factor, Plaintiff can point to no prejudice except delay, but "delay alone is not a sufficient basis for establishing prejudice" to a non-defaulting party by vacating a default. See MD Produce Corp. v. 231 Food Corp., 304 F.R.D. 107, 110 (E.D.N.Y. 2014) (quoting Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983)). "To demonstrate prejudice, [a plaintiff] must establish 'that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud or collusion.'" See Global Gold Mining, LLC v. Ayvazian, 983 F. Supp. 2d 378, 388 (S.D.N.Y. 2013), aff'd in part and modified in part, 612 Fed. Appx. 11 (2d Cir. 2015) (quoting Davis, 713 F.2d at 916). Here, Plaintiff can point to no prejudice in setting aside the default.

For the final factor, "[t]o satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage." See Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 60 (2d Cir. 1996). "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." See Enron Oil Corp., 10 F.3d at 98. This is a low bar; the party seeking relief need only establish "even a hint of a suggestion" of a complete defense to the claims alleged. See Weisel v. Pischel, 197 F.R.D. 231, 239 (E.D.N.Y. 2000) (quoting Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 374 (D.C. Cir. 1980)).

2

With the foregoing in mind, and upon a preliminary investigation, Defendant respectfully submits that the following defenses exist: (i) Plaintiff cannot establish enterprise coverage or individual coverage under the Fair Labor Standards Act; (ii) Plaintiff was not an employee of Defendant; (iii) Plaintiff did not work the number of hours he claims to have worked and/or Defendant did not suffer or permit Plaintiff to work the number of hours he claims to have worked; and (iv) Defendant acted in good faith. Accordingly, good cause exists to vacate the certificate of default, and – upon granting same – the motion for a default judgment should be denied as moot.

**Good Cause and Excusable Neglect Exist to Permit Extension of Time**

Consistent with the Individual Rules, Defendant respectfully submits that: (1) the original date of the deadline to respond to the complaint was January 2, 2025, and the original date of the deadline to oppose Plaintiff's default judgment motion was October 9, 2025 pursuant to Local Civil Rule 6.1, and the proposed new dates would be extend the deadline to respond to the complaint to March 2, 2025, and to oppose Plaintiff's default judgment motion to the same date; (2) the reason for the request is to permit your undersigned to investigate the claims made in this case and explore resolution; (3) the adversary does not consent to the requested extension because Plaintiff demands that his "reasonable" settlement proposal be accepted; and (4) the proposed dates are set forth in (i), *supra*. Defendant respectfully submits that based on the foregoing, and the below representations in connection with Defendant's motion to vacate the certificate of default, there exists sufficient good cause and excusable neglect pursuant to Rule 6 for this Court to exercise its discretion in favor of granting the requested extension of time. See Fed. R. Civ. P. 6(b)(1)(B). Defendant thanks this honorable Court for its time and attention to this case.

Dated: Jamaica, New York
      November 29, 2025

Respectfully submitted,
**SAGE LEGAL LLC**
   */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendant*
*Prestige Window Works Corporation*

**VIA ECF**
Spasojevich Law, P.C.
Attn: Lawrence Spasojevich, Esq.
52 Duane Street, 7th Floor
New York, NY 10007-1207
(914) 487-3592 (office)
ls@spasojevichlaw.com

*Attorneys for Plaintiff*
*Aleksei Panov*

**WORD COUNT CERTIFICATION**

I, Emanuel Kataev, Esq., hereby certify – under penalty of perjury – that the foregoing affirmation in opposition to Defendants' motion to dismiss, which was prepared using the Times New Roman 12-point typeface, complies with ¶ IV(A) of this Court's Individual Practices for Civil and Criminal Cases in that it contains 1,451 words, excluding the parts of the document that are exempted by such rules. In preparing this certification, I have relied on the word count of the word processing system (i.e., Microsoft Word) used to prepare this affirmation.

Dated:  Jamaica, New York
      November 29, 2025            Respectfully submitted,

                           **SAGE LEGAL LLC**

                           */s/ Emanuel Kataev, Esq.*
                           Emanuel Kataev, Esq.
                           18211 Jamaica Avenue
                           Jamaica, NY 11423-2327
                           (718) 412-2421 (office)
                           (917) 807-7819 (cellular)
                           (718) 489-4155 (facsimile)
                           emanuel@sagelegal.nyc

                           *Attorneys for Defendant*
                           *Prestige Window Works Corporation*

<u>**VIA ECF**</u>
Spasojevich Law, P.C.
<u>Attn</u>: Lawrence Spasojevich, Esq.
52 Duane Street, 7th Floor
New York, NY 10007-1207
(914) 487-3592 (office)
ls@spasojevichlaw.com

*Attorneys for Plaintiff*
*Aleksei Panov*