# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

January 2, 2026

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Sanket J. Bulsara, U.S.D.J.
100 Federal Plaza, Courtroom 930
Central Islip, NY 11722-4438

> **_Re:_**     **Panov v. Prestige Window Works Corp.**
> **Case No.: 2:24-cv-8199 (SJB) (AYS)**

Dear Judge Bulsara:

This firm represents Defendant in the above-referenced case, and respectfully submits this letter motion in accordance with ¶ VI.G.1 of this Court's Individual Rules for a premotion conference in anticipation of its motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule").

## Legal Standard

The Court evaluates the sufficiency of the complaint on a Rule 12(b)(6) motion under "the two-pronged approach" articulated in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009). *First*, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. <u>Id.</u> at 678. *Second*, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Id.</u> at 679. To survive the motion, the allegations must meet a standard of "plausibility." <u>Id.</u> at 678; <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 554, 557 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> at 678.

## Panov's Claims Must be Dismissed

### A.  Plaintiff's Third Claim (FLSA)

"'[T]o survive a motion to dismiss [an FLSA overtime claim], [Plaintiff] must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than [forty (40)] hours.'" <u>Nakahata v. New York-Presbyterian Healthcare Sys., Inc.</u>, 723 F.3d 192, 200 (2d Cir. 2013) (quoting <u>Lundy v. Catholic Health System of Long Island Inc.</u>, 711 F.3d 106, 114 (2d Cir.2013)). For example, such a pleading should include "sufficient detail about the length and frequency of their unpaid work." <u>Nakahata</u>, 723 F.3d at 201. Here, although Plaintiff claims he worked sixty-three (63) hours per week, he provides no factual details about the amounts he earned, stating only that he was paid on a piecemeal basis. ECF 1 ¶ 14.

Plaintiff's "mere conclusory statement[]" that "this was done to disguise the actual number of hours the Plaintiff worked and to avoid paying the overtime wage for all hours worked over forty (40) hours in a workweek" is surrounded by no facts on which to base any plausible entitlement to relief. See Ashcroft v. Iqbal, 556 U.S. at 678-79; see also ECF 1 ¶ 22. Given that the FLSA requires *both* work in excess of forty (40) hours per week *and* compensation at "not less than one and one-half times the regular rate at which he is employed," Plaintiff has failed to plead *any* facts regarding what are essentially the operative element of the FLSA. 29 U.S.C. § 207(a); Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 89 (2d Cir. 2013).

### B. Plaintiff's Remaining State Law Claims

A district court has "supplemental jurisdiction over all other claims that are so related to claims" within the district court's original jurisdiction "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). But the "district court[ ] may decline to exercise supplemental jurisdiction ... if ... the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Indeed, the Second Circuit has stated that "where the federal claims are dismissed before trial, the state claims should be dismissed as well." Delaney v. Bank of Am. Corp., 766 F.3d 163, 170 (2d Cir. 2014). Alternatively, claims "form part of the same case or controversy" when they "derive from a common nucleus of operative fact." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 165 (1997). To determine whether two disputes arise from a common nucleus of operative facts, courts ask "whether the facts underlying the federal and state claims substantially overlapped or the federal claim necessarily brought the facts underlying the state claim before the court." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 335 (2d Cir. 2006).

Here, because the sole FLSA claim should be dismissed for the reasons articulated above, this Court should decline to exercise supplemental jurisdiction over any remaining state law claims. Cain v. Mercy College, 2022 WL 779311, at *2 (2d Cir. 2022).

Moreover, even if the FLSA claim survives, this Court must nonetheless dismiss Plaintiff's first and second claims for recordkeeping violations, which have nothing to do with Plaintiff's FLSA claim concerning overtime. The Second Circuit has held that although "the NYLL and FLSA actions clearly derive from such a common nucleus of operative facts since they arise out of the same compensation policies and practices," the factual link between the claims must constitute more than the mere fact that "the underlying events occurred during the course of plaintiff's employment by [employer]." Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d Cir. 2011); Rivera v. Ndola Pharmacy Corp., 497 F. Supp. 2d 381, 394 (E.D.N.Y. 2007) (declining to exercise supplemental jurisdiction over state law claims when the only federal claim at issue was for FLSA overtime). In Young v. New York City Transit Authority, the Second Circuit found there was no "common nucleus of operative fact" where the federal claim raised "legal issues completely unrelated to those presented by the state" claim. 903 F.2d 146, 164 (2d Cir.1990); Bu v. Benenson, 181 F. Supp. 2d 247, 254 (S.D.N.Y.2001); Figurowski v. Marbil Invs., LLC, 2015 WL 4000500, at *3 (E.D.N.Y. July 1, 2015); Thomas v. EONY LLC, 2015 WL 1809085, at *8 (S.D.N.Y. Apr. 21, 2015).

Defendant concedes that there is a common nucleus of fact between Plaintiff's Third and Fourth[1] claims for unpaid overtime under the FLSA and NYLL. However, this is not so for the FLSA claim and Plaintiff's First and Second claims for failure to provide wage statements and notice.  Since there is no connection between these claims, this Court should decline to exercise supplemental jurisdiction. Plaintiff's First and Second claims do not arise out of "arise out of the same compensation policies and practices" as the FLSA claim, because alleged failure to provide wage statements and notice is an entirely separate alleged compensation practice than overtime violations. See Shahriar, 659 F.3d at 245. Like in Rivera, the mere fact that these violations are alleged with respect to the same employer is insufficient to justify the exercise of supplemental jurisdiction. See 497 F. Supp. 2d at 394.

### a.  Plaintiff's First and Second Claims

As to the first and second claims, courts in this Circuit have held that "plaintiffs lack standing to bring wage notice and statement claims under the NYLL absent any concrete, downstream consequences of the recordkeeping violation." Chen v. Lilis, 200 W. 57th Corp., 2023 WL 2388728, at *8 (S.D.N.Y. Mar. 7, 2023). "Vague allegations that Defendants' violations facilitated their other unlawful conduct do not give rise to a cognizable downstream consequence." Id.; Quieju v. La Jugueria Inc., 2023 WL 3073518 (E.D.N.Y. Apr. 25, 2023) (plaintiff was unable to show that he had standing to bring these claims).

The Plaintiff here has not alleged that he suffered a concrete injury resulting from Defendant's purported violations of the NYLL's wage statement and wage notice requirements. Thus, Plaintiffs lacks Article III standing to pursue their first and second claims. Chisolm-Lucas v. Am. Airlines, Inc., 2025 WL 2229840, at *3 (E.D.N.Y. Aug. 5, 2025) (noting that "courts in this circuit routinely reject claims under NYLL § 195 for lack of standing"); Vazquez v. Cousins Grocery & Grill Inc., 2025 WL 1384069, at *9 (E.D.N.Y. May 13, 2025) (dismissing that plaintiff's wage notice and statement claims for lack of standing); Yunganaula v. D.P. Grp. Gen. Contractors/Devs. Inc., 2024 WL 1342739, at *1 (E.D.N.Y. Mar. 29, 2024) ("Plaintiff lacks standing to pursue his claims that [the defendant] violated the NYLL's wage notice and wage statement provisions because [p]laintiff had not adequately pleaded a tangible injury resulting from [the defendant's] failure to provide the required notices"); Wang v. XBB, Inc., 2022 WL 912592, at *13 (E.D.N.Y. Mar. 29, 2022) ("Plaintiff has not linked any injury-in-fact to [d]efendants' failure to provide statutory notices under the NYLL, so she lacks standing to recover on that claim" (citation omitted)); Francisco v. NY Tex Care, Inc., 2022 WL 900603, at *7 (E.D.N.Y. Mar. 28, 2022) ("While those may be technical violations of the NYLL, neither [p]laintiff nor the record demonstrate how those technical violations led to either a tangible injury or something akin to a traditional cause of action").  "A mere failure to provide wage statements is a prototypical informational injury that cannot create standing, and plaintiffs often struggle to identify non-speculative downstream harms caused by the allegedly deficient statements." Chisolm-Lucas, 2025 WL 2229840, at *3.

Here, Plaintiff has not alleged *any* injury incurred as a result of Defendant's purported failure to provide wage notice and/or statements.

---

[1] Plaintiff lists the fourth claim as the fifth, indicative of the slipshod nature of the pleadings.

Plaintiff includes among his facts no amount of damages, known or estimated. Instead, Plaintiff devotes factual real estate to pontificating into Defendant's mindset – "Upon information and belief, this was done to disguise the actual number of hours the Plaintiff worked and to avoid paying the overtime wage for all hours worked over forty (40) hours in a workweek." Critically, Plaintiff does not even allude to the "information" which he bases his opinion upon. The *only* numerical figure that Plaintiff alleges is that he was entitled to compensation of an overtime rate of $28.57 for all hours worked over forty (40) in a work week. Plaintiff does not *ever* in his Complaint allege what amount he made instead.

Even under the relatively low standard of a Rule 12(b)(6) motion, Plaintiff's Complaint amounts to no more than conclusory statements, void of any factual bases. Accordingly, these claims should be dismissed on the merits.

**b. Plaintiff's Fourth Claim**

The Second Circuit dismisses NYLL claims where it dismisses an FLSA claim. <u>See</u> <u>Dejesus</u>, 726 F.3d at 89 ("In light of the fact that '[t]he relevant portions of [NYLL] do not diverge from the requirements of the FLSA,' our conclusions below about the FLSA allegations 'appl[y] equally to [the NYLL] state law claims'") (citations omitted).  As Defendant has stated *supra*, Plaintiff has failed to allege necessary facts regarding her overtime claim under the NYLL. Accordingly, all of Plaintiff's claims must be dismissed.

Dated: Jamaica, New York
      January 2, 2026

Respectfully submitted,

**SAGE LEGAL LLC**
   */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendant*
*Prestige Window Works Corporation*

**VIA ECF**
Spasojevich Law, P.C.
<u>Attn</u>: Lawrence Spasojevich, Esq.
52 Duane Street, 7th Floor
New York, NY 10007-1207
(914) 487-3592 (office)
ls@spasojevichlaw.com

*Attorneys for Plaintiff*
*Aleksei Panov*

4

## <u>WORD COUNT CERTIFICATION</u>

I, Emanuel Kataev, Esq., hereby certify – under penalty of perjury – that the foregoing affirmation in opposition to Defendants' motion to dismiss, which was prepared using the Times New Roman 12-point typeface, complies with ¶ IV(A) of this Court's Individual Practices for Civil and Criminal Cases in that it contains 1,742 words, excluding the parts of the document that are exempted by such rules. In preparing this certification, I have relied on the word count of the word processing system (i.e., Microsoft Word) used to prepare this affirmation.

Dated: Jamaica, New York
      January 2, 2026                 Respectfully submitted,

                                      **SAGE LEGAL LLC**

                                      _*/s/ Emanuel Kataev, Esq.*_____
                                        Emanuel Kataev, Esq.
                                        18211 Jamaica Avenue
                                        Jamaica, NY 11423-2327
                                        (718) 412-2421 (office)
                                        (917) 807-7819 (cellular)
                                        (718) 489-4155 (facsimile)
                                        emanuel@sagelegal.nyc

                                        *Attorneys for Defendant*
                                        *Prestige Window Works Corporation*

<u>**VIA ECF**</u>
Spasojevich Law, P.C.
<u>Attn</u>: Lawrence Spasojevich, Esq.
52 Duane Street, 7th Floor
New York, NY 10007-1207
(914) 487-3592 (office)
ls@spasojevichlaw.com

*Attorneys for Plaintiff*
*Aleksei Panov*