

52 Duane Street, 7th Floor
New York, New York 10007
Tele: (914) 487-3592
www.spasojevichlaw.com

Hon. Sanket J. Bulsara
United States District Court
Eastern District of New York
100 Federal Plaza
Courtroom 930
Central Islip, New York 11722
**Filed via ECF**

January 5, 2026

**RE:** *Aleksei Panov vs. Prestige Window Works Corporation*
   **Docket No. 2:24-cv-8199 (Response to Defendant's Pre-Motion Conference Letter)**

Dear Judge Bulsara:

Please allow this correspondence to serve as response to Defendant's request for a pre-motion conference for leave to file a F.R.C.P. Rule 12(b)(6) to dismiss Plaintiff's claims.

**A. Plaintiff's Overtime Claims**

Here, Defendant relies upon outdated and stale authority as to the pleading standard for F.L.S.A. claims. The Second Circuit Court of Appeals in 2025 clearly set forth what constitutes sufficient pleading of facts to survive a F.R.C.P. 12(b)(6) motion. Spiegel v. Estée Lauder Inc., No. 24-2089, 2025 LX 51621 (2d Cir. May 5, 2025) *citing* Herrera v. Comme Des Garcons, Ltd., 84 F.4th 110 (2d Cir. 2023). In Spiegel, the Court held that "the pleading standard is satisfied "if plaintiffs allege that their regularly scheduled workweek for a given period of time included more than forty hours of work." *See* Spiegel at 4. Indeed, a Plaintiff need not provide "detail indicating how often [she] worked more than forty hours in a week," "how many additional hours" she worked in a week, or "which work tasks she performed outside of her scheduled hours." *Id*. at 4.

Here, Plaintiff pleads his duties, position, and method of compensation. Docket Entry ("DE") 1 at 11-12, 14, and 16. Importantly, Plaintiff succinctly pleads his period of employment and a clearly defined weekly work schedule. DE 1 at 11, 15. Finally, Plaintiff pleads that he was not compensated properly at the overtime wage for all hours worked over forty (40) in the workweek. DE 1 at 18, 40. These allegations are far above what was pled in Speigel, as it offers a specific schedule, whereas in Speigel, the plaintiff only pled that she arrived before opening and left after closing. *Id.*

In regard to Plaintiff's N.Y.L.L. overtime claim, Plaintiff reiterates its arguments as submitted for the F.L.S.A. claim.

Therefore, in light of Defendant's dated authority, allowing the Defendant to proceed with its proposed motion would only serve to delay the prosecution of Plaintiff's claims. Thus, Plaintiff requests that this Court deny Defendant's request to file a motion pursuant to F.R.C.P. 12(b)(6).

### B. Plaintiff's W.T.P.A. Claims

Plaintiff concedes that a employee must demonstrate a direct harm as a result of the employer's failure to provide wage notices as mandated by the New York State Wage Theft Prevention Act (hereinafter "W.T.P.A."). *See* Guthrie v. Rainbow Fencing Inc., 113 F.4th 300 (2d Cir. 2024); Freeland v. Findlay's Tall Timbers Distribution Ctr., LLC, No. 22-CV-6415-FPG, 2024 U.S. Dist. LEXIS 199220 (W.D.N.Y. Nov. 1, 2024); Roma v. Carmili, 761 F. Supp. 3d 481 (E.D.N.Y. 2024). Mateer v. Peloton Interactive, Inc., 2022 U.S. Dist. LEXIS 125017 (S.D.N.Y. July 14, 2022). Injury has also been found where a plaintiff alleged that defendants "were able to hide their violations of wage and hour laws and take advantage of Plaintiff's relative lack of sophistication by failing to provide her with wage information." Rosario v. Prasad Cosm. Surgery, No. 21-cv-02944 (NCM) (AYS), 2025 U.S. Dist. LEXIS 26416, at *7 (E.D.N.Y. Feb. 13, 2025). *See also* Charles v. Pinnacle Too, LLC, No. 22-cv-4232 (DEH) (JW), 2024 U.S. Dist. LEXIS 188084, at *35 (S.D.N.Y. Oct. 11, 2024).

Here, Plaintiff's complaint clearly states that as a result of the failure of Defendant to provide such notices, Plaintiff "was tangibly affected as Plaintiff did not have the means, knowledge, or ability to challenge, investigate, or advocate for the lawful wages owed by Defendant." DE 1 at 23. Furthermore, Plaintiff also alleges that this was done to disguise the actual number of hours the Plaintiff worked and to avoid paying the overtime wage for all hours worked over forty (40) hours in a workweek. DE 1 at 22.

Should the Court find Plaintiff's position not to be persuasive, Plaintiff would request leave to amend the complaint to add additional facts and allegations. As noted in the complaint, Plaintiff was paid at piece rate. DE 1 at 12. This is a similar situation as in *Mateer*, where the plaintiff was paid on commission, not a straight hourly where an individual can deduce that they were due overtime based upon pay received thereby further demonstrating the downstream actual harm caused by Defendant's violations of the W.T.P.A. Freeland v. Findlay's Tall Timbers Distribution Ctr., LLC, 681 F. Supp. 3d 58 (W.D.N.Y. 2023) *citing* Metcalf v. Transperfect Translations Int'l, Inc., No. 19-CV-10104 (ER) (KHP), 2022 LX 72819 (S.D.N.Y. Nov. 15, 2022). *See also* Mateer v. Peloton Interactive, Inc., 2022 U.S. Dist. LEXIS 125017 (S.D.N.Y. July 14, 2022).

As Plaintiff's complaint clearly satisfies the requirements as outlined in Guthrie, Plaintiff requests that this Court deny Defendant's request for leave to file a motion pursuant to F.R.C.P. 12(b)(6).

I thank the Court for its attention to this matter.

Respectfully,
_____/s/_____
Lawrence Spasojevich, Esq.