UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ALEKSEI PANOV,

Plaintiff,

v.

**ORDER**
24-CV-8199-SJB-AYS

PRESTIGE WINDOW WORKS CORP.,

Defendant.
--------------------------------------------------------------x
**BULSARA, United States District Judge:**

Pending before the Court is Defendant Prestige Window Works Corporation's ("Prestige") request for a premotion conference to dismiss Plaintiff Aleksei Panov's Complaint seeking unpaid wages in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (Def.'s PMC Request dated Jan. 2, 2026 ("Def.'s PMC"), Dkt. No. 19). For the reasons explained below, the request is deemed as making the motion for dismissal itself, and the motion is denied.

BACKGROUND

The following allegations are taken from the Complaint.[1] Panov was employed by Prestige from about July 25, 2023 to November 5, 2024 as a windows installer. (Compl. dated Nov. 18, 2024, Dkt. No. 1 ¶ 11). His responsibilities included construction and instillation of windows as well as window and woodwork. (*Id.* ¶ 12).

---

[1] For the purpose of this motion, the Court is "required to treat" Panov's "factual allegations as true, drawing all reasonable inferences in favor of [him] to the extent that the inferences are plausibly supported by allegations of fact." *In re Hain Celestial Grp., Inc. Secs. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021).

Panov alleges that he worked a schedule of Monday through Friday 8:00 a.m. to 6:30 p.m. and Saturdays 8:00 a.m. to 6:30 p.m. twice a month in 2023, or about 63 hours a week. (*Id.* ¶ 15). He was entitled to an overtime rate of $ 28.57 for all hours worked over 40 in a workweek. (*Id.* ¶ 16). Prestige did not utilize a timekeeping method to track Panov's hours worked and Panov alleges that he was not properly compensated for the overtime he worked. (*Id.* ¶¶ 17–18).

Prestige failed to maintain accurate and sufficient time records and did not provide him with an accurate wage statement or summary. (*Id.* ¶¶ 20–22). He alleges that this was done to disguise the actual number of hours he worked and to avoid paying him overtime. (Compl. ¶ 22). And as a result, he did not have the means or ability to challenge, investigate, or advocate for the lawful wages owed by Prestige. (*Id.* ¶ 23).

Panov commenced this action on November 26, 2024. (Compl.). He asserts four causes of action: (1) failure to provide a wage notice under NYLL; (2) failure to provide wage statements under NYLL; (3) failure to pay overtime wages in violation of FLSA; and (4) failure to pay overtime wages in violation of NYLL. (*Id.* ¶¶ 26–55).

Prestige initially failed to appear, prompting the Clerk to enter default and Panov then moved for default judgment. (*See* Entry of Default dated Jan. 27, 2025, Dkt. No. 10; Pl.'s Mot. for Default J. dated May 20, 2025, Dkt. No. 11). Prestige moved to vacate the Clerk's Entry of Default on November 29, 2025, (Def.'s Mot. to Vacate, Dkt. No. 18), which the Court granted, (Order dated Dec. 2, 2025). Prestige subsequently filed a request for a premotion conference to dismiss Panov's Complaint on January 2,

2026, to which Panov responded on January 5, 2026. (Def.'s PMC; Pl.'s Resp. to Def.'s PMC dated Jan. 5, 2026 ("Pl.'s Resp."), Dkt. No. 20).

LEGAL STANDARD

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain more than "naked assertion[s] devoid of further factual enhancement." *Id.* (quotations omitted). In other words, a plausible claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; Fed. R. Civ. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted). The determination of whether a party has alleged a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

This pleading requirement "does not impose a probability standard at the motion-to-dismiss stage." *Mosaic Health, Inc. v. Sanofi-Aventis U.S., LLC*, 156 F.4th 68, 77 (2d Cir. 2025) (noting that plausibility does not equate to probability). And "on a Rule 12(b)(6) motion it is not the province of the court to dismiss the complaint on the basis of the court's choice among plausible alternatives. Assuming that [plaintiff] can adduce

sufficient evidence to support its factual allegations, the choice between or among plausible interpretations of the evidence will be a task for the factfinder." *Id.* (quotations omitted).

The Second Circuit has "occasionally approved" the practice of deeming premotion letters as motions themselves under "appropriate circumstances." *Kowalchuck v. Metro Transp. Auth.*, 94 F.4th 210, 217 (2d Cir. 2024). The Second Circuit has "approved this practice with respect to the resolution of non-dispositive motions and the denial of dispositive motions." *Id.* Indeed, the practice of construing premotion letters as the dispositive motions themselves is "long-standing and common in the district courts within this Circuit." *Miranda v. S. Country Cent. Sch. Dist.*, No. 20-CV-0104, 2020 WL 4287165, at *2 (E.D.N.Y. July 27, 2020). Accordingly, the motion is deemed as having been made, and is denied for the reasons explained herein. *See, e.g.*, *Kapitalforeningen Lægernes Inv. v. United Techs. Corp.*, 779 F. App'x 69 (2d Cir. 2019) (affirming district court's dismissal of an action by way of premotion letter construed as a motion to dismiss); *In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011) (affirming district court's denial of a motion to dismiss by way of premotion letter construed as said motion).

## DISCUSSION

### I. FLSA

FLSA's overtime wage requirement provides that an employee working "in excess of" 40 hours in a given workweek be compensated for that "excess work 'at a rate not less than one and one-half times the regular rate at which he is employed.'" *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 113–14 (2d Cir. 2013) (quoting

29 U.S.C. § 207(a)(1)). Prestige contends that Panov fails to satisfy the pleading standard for an unpaid overtime FLSA claim, (Def.'s PMC at 1–2), but this argument is without merit.

The Second Circuit has addressed the level of specificity required to successfully plead an unpaid overtime claim in a series of four cases. *See Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 114–15 (2d Cir. 2023); *Lundy*, 711 F.3d at 114; *Nakahata v. N.Y.–Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200–01 (2d Cir. 2013); *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89–90 (2d Cir. 2013). "[T]o state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114. A plaintiff must allege "sufficient factual matter." *Id.* It is not enough to allege that overtime was "regularly worked" or occurred in "some or all workweeks"—such conclusory statements do nothing more than paraphrase the statute. *Dejesus*, 726 F.3d at 89–90 (quotations omitted). Instead, "[p]laintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata*, 723 F.3d at 201.

In *Lundy* and *Nakahata*, which Prestige cites, the Court of Appeals concluded that the plaintiffs failed to state unpaid overtime claims because the plaintiffs did not allege they regularly worked a 40-hour workweek, and therefore their overtime allegations, even taken as true, did not establish that there was a week in which they worked in excess of 40 hours. *Lundy*, 711 F.3d at 115; *Nakahata*, 723 F.3d at 201. That is not the case here. Panov identifies his period of employment, July 25, 2023 to November 5, 2024, as

well as a defined weekly work schedule, Monday through Friday 8:00 a.m. to 6:30 p.m. and Saturdays 8:00 a.m. to 6:30 p.m. twice a month during 2023, or about 63 hours a week. (Compl. ¶¶ 11, 15). He alleges that he was not compensated properly at the overtime wage for all hours over 40 in the workweek. (*Id.* ¶ 16). Taken together, these allegations make it plausible that Panov worked more than 40 hours a week and was not compensated for the overtime. Prestige's motion as to this claim is denied.[2] *See Spiegel v. Estée Lauder Inc.*, No. 24-2089, 2025 WL 1288019, at *2 (2d Cir. May 5, 2025) ("[T]he pleading standard is satisfied if the plaintiffs allege that their regularly scheduled workweek for a given period of time included more than forty hours of work.") (internal quotations omitted); *e.g.*, *Garcia v. Chipotle Mexican Grill, Inc.*, No. 16-CV-601, 2016 WL 6561302, at *5 (S.D.N.Y. Nov. 4, 2016) ("In accordance with *Lundy*, Plaintiff alleges 40 hours of work every week during his employment, as well as some uncompensated amount of time in excess of 40 hours per week on average.").[3]

---

[2] Prestige's reliance on *Dejesus* is misplaced. Although *Dejesus* explained that some "specificity" is required, plaintiffs are not required to "keep careful records" of time worked or "plead their hours with mathematical precision." *See* 726 F.3d at 90. In *Dejesus*, the plaintiff alleged that "she worked more than forty hours per week during 'some or all weeks' of her employment," "devoid of any numbers to consider beyond those plucked from the statute." *Id.* at 86, 89. Panov here has provided more—he alleges the specific schedule he worked. (Compl. ¶ 15). Prestige also argues that Panov must allege the specific amount he claims to have earned, but it provides no cases to support such a requirement. (Def.'s PMC at 1). Panov alleges that he was not properly compensated wages at the overtime rate of $ 28.57, (Compl. ¶ 16); the Complaint need not contain a precise damages calculation at this stage.

[3] Because the Court finds sufficient allegations for the FLSA overtime claim, Prestige's motion to dismiss the NYLL overtime claim on the same basis is denied.

## II. NYLL

NYLL obligates an employer to give a wage notice to an employee at the time of hiring which must include, among other things, "the rate or rates of pay and basis thereof." N.Y. Lab. L § 195(1)(a). It also requires an employer to "furnish each employee with a statement with every payment of wages" that lists information such as "the dates of work covered by the payment of wages" as well as the "overtime rates or rates of pay" and the "number of overtime hours worked." *Id.* § 195(3). Prestige seeks dismissal of Panov's NYLL recordkeeping claims, but its arguments are meritless.

*First*, Prestige contends that the wage recordkeeping claims have no connection to the FLSA claim to warrant the exercise of supplemental jurisdiction. (Def.'s PMC at 2–3).[4] But the two are intertwined. Under NYLL, "complete and timely payment of all wages . . . to the employee who was not provided notice" or "who was not provided statements" serves as an affirmative defense to a wage notice or wage statement claim. N.Y. Lab. L. §§ 198(1-b), 198 (1-d); *see also Ying Ying Dai v. ABNS NY Inc.*, 490 F. Supp.

[4] The non-binding District Court cases Prestige cites do not support its position, since they involve vastly different claims or factually disanalogous situations. *See, e.g., Rivera v. Ndola Pharmacy Corp.*, 497 F. Supp. 2d 381, 394 (E.D.N.Y. 2007) (finding employment relationship alone insufficient to assert supplemental jurisdiction over state law claims for sexual harassment and other state torts); *Young v. N.Y.C. Trans. Auth.*, 903 F.2d 146, 164 (2d Cir. 1990) (not involving FLSA or NYLL); *Figurowski v. Marbil Investors, LLC*, No. 14-CV-7034, 2015 WL 4000500, at *3 (E.D.N.Y. July 1, 2015) (finding an insufficient relationship between FLSA claims and age discrimination, retaliation, and aiding and abetting under NYSHRL). And in another case, supplemental jurisdiction was exercised. *Thomas v. EONY LLC*, No. 13-CV-8512, 2015 WL 1809085, at *5 (S.D.N.Y. Apr. 21, 2015) ("Little analysis is required for the Court to determine that the wage and hour claims brought under the NYLL . . . share a common nucleus of operative fact with the federal FLSA claim, over which the Court has original jurisdiction.").

3d 645, 661 (E.D.N.Y. Sep. 29, 2020) ("Under Section 198(1-b), employers have an affirmative defense if they pay their employers properly."). In other words, if a person was paid overtime properly under FLSA, that fact can serve as an affirmative defense to a NYLL notice or statement claim. Moreover, here the facts and circumstances of the two claims are intertwined: Panov was entitled to weekly statements during the course of his employment—the same periods for which he is claiming unpaid wages. The suggestion that there are not sufficient common facts between the two claims is entirely meritless. *See Shariar v. Smith & Wollensky Rest. Grp. Inc.*, 659 F.3d 234, 245 (finding that the "NYLL and FLSA actions clearly deriv[ed]" from a common nucleus of operative fact as required by 28 U.S.C. § 1367(a) since they arose "out of the same compensation policies and practices of [defendant]").

*Second,* Prestige argues that Panov has not alleged that he suffered a concrete injury resulting from the purported violations of the NYLL wage statement and wage notice requirements. (Def.'s PMC at 3). To establish Article III standing for wage notice and statement claims, a plaintiff must allege "actual injuries suffered as a result of the alleged wage notice and wage statement violations." *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 305 (2d Cir. 2024) (quotations and alterations omitted). "[A] plaintiff-employee who has plausibly shown that defective notices led him or her to lose wages has . . . a concrete interest" sufficient to establish standing. *Id.* at 310. Here, Panov alleges that because he was not provided accurate wage notices and statements, he was unaware of the actual number of hours he worked, and he did not have the means to challenge or advocate for full compensation. (Compl. ¶¶ 21–23). He alleges that the

lack of notice enabled Prestige to avoid paying overtime for all the hours he worked over 40 a week. (*Id.* ¶ 22). This is sufficient to establish standing. *See, e.g.*, *Solis v. Tropical Rest. Bar, Inc.*, No. 23-CV-1707, 2024 WL 4271234, at *13 (E.D.N.Y. Sep. 19, 2024) ("Plaintiff sufficiently establishes Article III standing when he alleges that the denial of the statutory right to wage notices and wage statements ultimately resulted in underpayment.").

## CONCLUSION

For the reasons explained, Prestige's motion is deemed to have been made and is denied.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date: September 24, 2026
Central Islip, New York