**Sage Legal LLC**

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

October 30, 2026

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. Sanket J. Bulsara, U.S.D.J.
100 Federal Plaza, Courtroom 930
Central Islip, NY 11722-4438

***Re:*** **Panov v. Prestige Window Works Corp.**
**Case No.: 2:24-cv-8199 (SJB) (AYS)**

Dear Judge Bulsara:

This firm represents Defendant/Counterclaim-Plaintiff/Third-Party Plaintiff Prestige Window Works Corporation ("Prestige") and respectfully submits this letter pursuant to § VI.I.1 of Your Honor's Individual Practices (Civil) (the "Individual Practices") in opposition to Plaintiff/Counterclaim-Defendant Aleksei Panov's ("Panov") and Third-Party Defendant Gotham Window & Wood Repair Corp.'s ("Gotham") request for a premotion conference on his anticipated motion to dismiss Prestige's nine counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"). See ECF Docket Entry ("DE") 25 and 24 ¶¶ 162-238. Because the request rests on misreadings of the pleading, factual disputes, and matters outside it, the Court should deem the letters the motion and deny it, as it did with Prestige's motion. See Individual Practices § VI.I.4; see also Kowalchuck v. Metro. Transp. Auth., 94 F.4th 210, 217 (2d Cir. 2024); DE 22 at 4. Panov's and Gotham's motion also once again omits the word-count certification required by § VI.I.1 and Local Civil Rule 7.1(c). See Orders dated May 21, 2025, Sept. 26, 2025, and Jan. 12, 2026.

## Legal Standard

A counterclaim survives if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). Plausibility "does not impose a probability requirement at the pleading stage"; it calls only for "enough fact to raise a reasonable expectation that discovery will reveal evidence" of the wrong. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). Pleading "upon information and belief" is proper "where the facts are peculiarly within the possession and control of the defendant." See Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (quotation omitted). The Court is confined to the pleading, Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002), and may not dismiss "on the basis of the court's choice among plausible alternatives." See DE 22 at 3-4 (quoting Mosaic Health, Inc. v. Sanofi-Aventis U.S., LLC, 156 F.4th 68, 77 (2d Cir. 2025)).

Here, for the reasons set forth below, the Defendant's answer with counterclaims against Panov and third-party complaint against Gotham sufficiently pleads each of the claims.

**The Counterclaims Are Well Pleaded**

Panov, who alleges he was Prestige's employee until November 5, 2024, DE 22 at 1, was entrusted with Prestige's nonpublic customer database-service histories, estimates, pricing, and customer-specific needs-solely to perform Prestige's work. DE 24 ¶¶ 115-20. While still engaged, he formed competitor Gotham, copied and removed Prestige's information, and used it to target Prestige's customers, and also copied Prestige's website and invoice. Id. ¶¶ 92-96, 105, 123-33, 141-52.

**A. Defend Trade Secrets Act (Count 1)**

Panov challenges only the "reasonable measures" element, not trade-secret status, value, or misappropriation. DE 25 at 1-2. Prestige alleges that the information is nonpublic, that Panov received access "because of his engagement . . . and for no other purpose," that access was "authorized solely to perform assigned work," and that his authorization to access Prestige's "systems and databases" ended at separation-yet he "secretly accessed" them and continued accessing them afterward. DE 24 ¶¶ 92, 115-20, 126-28, 164. Limiting access to authorized purposes and terminating it at separation are secrecy measures, and whether a customer compilation is a trade secret "is generally a question of fact." See N. Atl. Instruments, Inc. v. Haber, 188 F.3d 38, 44 (2d Cir. 1999) (quotation omitted). Panov's and Gotham's reliance on Pauwels is misguided, as this case is inapposite: the plaintiff there shared his model with persons owing no confidentiality obligation; here, Prestige shared nothing. See Pauwels v. Deloitte LLP, 83 F.4th 171, 182-83 (2d Cir. 2023).

**B. Trade Dress and False Designation (Counts 2, 3, and 5)**

*Articulation.* Prestige identifies the specific combination it claims: "the prominent use of window photography, specific font type, a gold chrome logo, colors and header style, and website layout." See DE 24 ¶ 174. Panov's claimed inconsistency conflates that definition with the broader catalogue of copied advertising, id. ¶ 145 (mis-cited as ¶ 97), and the elements copied, id. ¶ 149. Articulation is a threshold requirement distinct from distinctiveness, and "a plaintiff may satisfy the articulation requirement even if the components described arguably render the trade dress overbroad, generic, not distinctive, or functional." See Cardinal Motors, Inc. v. H&H Sports Prot. USA Inc., 128 F.4th 112, 125 (2d Cir. 2025); see also Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 116-17 (2d Cir. 2001).

*Distinctiveness and confusion.* Prestige pleads inherent distinctiveness and secondary meaning, supported by tens of thousands of dollars invested, use since February 2023, nearly 20,000 annual leads, approximately 90% of new business, and over 6,000 homes served, DE 24 ¶¶ 103, 137-39, 142, 178-81, plus actual confusion between direct competitors, id. ¶¶ 97, 133-34, 144. Panov's contention that "an inspection of both websites" reveals differences, DE 25 at 2, is a merits argument resting on material outside the pleading. See Chambers, 282 F.3d at 152-53.

*Personal participation.* Panov formed Gotham while still engaged by Prestige, participated in "establishing, promoting, and/or operating" it, and Gotham's invoice mirrors Prestige's, reflecting "materials to which Panov had access while performing services for Defendant." DE 24

¶¶ 105, 131-32, 147-48. That satisfies the "moving, active[,] conscious force" standard of Panov's own authority, KatiRoll Co. v. Kati Junction, Inc., 33 F. Supp. 3d 359, 367 (S.D.N.Y. 2014), which denied dismissal against former employees because it was plausible "that they had knowledge of [plaintiff's] products and shared this knowledge" with the competitor, id. at 370. Further, how Gotham's founder directed its marketing is peculiarly within Panov's knowledge, Arista, 604 F.3d at 120, and Count 3 incorporates allegations attributing the copying to "Panov and Gotham," DE 24 ¶¶ 97, 99, 187.

## C. General Business Law § 349 (Count 4)

A competitor may sue under § 349 where "some harm to the public at large is at issue;" the "critical question" is "whether the matter affects the public interest in New York." See Securitron Magnalock Corp. v. Schnabolk, 65 F.3d 256, 264 (2d Cir. 1995) (quotation omitted); see also Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 25-26 (1995). Prestige alleges more than competitive injury: public advertising that misleads homeowners about whether their contractor is affiliated with Prestige, actual confusion, and that Gotham is unlicensed in Nassau County, so the deception steers homeowners to an unlicensed contractor. See DE 24 ¶¶ 97, 159, 200-03. Panov is liable as Gotham's founder and operator. Id. ¶¶ 105, 131-32.

## D. Common-Law Unfair Competition (Count 6)

Unfair competition is "the bad faith misappropriation of the labors and expenditures of another, likely to cause confusion or to deceive purchasers as to the origin of the goods." See Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc., 58 F.3d 27, 34-35 (2d Cir. 1995) (quotation omitted); see also ITC Ltd. v. Punchgini, Inc., 9 N.Y.3d 467, 477 (2007). Prestige pleads copying of its website and invoice, bad faith, and the use of its confidential customer information to target its customers. DE 24 ¶¶ 94, 141-52, 156, 159. As in KatiRoll, "the extent of the similarities" and the parties' proximity make bad faith plausible. See 33 F. Supp. 3d at 371. Panov's alternative request to "limit" Count 6, DE 25 at 4, itself recognizes that Count 6 rests on independent theories that cannot be dismissed wholesale.

## E. Breach of Fiduciary Duty and Faithless Servant (Counts 7 and 8)

These counts are pleaded in the alternative to Panov's own theory that he was Prestige's employee, as Rule 8(d)(2)-(3) permits; he cannot claim employee status for wages while disclaiming the loyalty it entails. The misconduct occurred during his service: while engaged, he "secretly accessed, copied, retained, and/or removed" Prestige's confidential information and used it to establish Gotham, which he formed eleven (11) days before his separation, and he used Prestige's systems and time to do so. See DE 24 ¶¶ 92, 124-25, 131. Panov's own authority holds that "[w]hen an employee uses an employer's proprietary or confidential information when establishing a competing business, the employee breaches his or her fiduciary duty to the employer." See Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC, 813 F. Supp. 2d 489, 521 (S.D.N.Y. 2011).

And the faithless servant doctrine reaches any agent "who owes a duty of fidelity to a principal and who is faithless in the performance of his services." See Phansalkar v. Andersen Weinroth & Co., L.P., 344 F.3d 184, 200 (2d Cir. 2003) (quotation omitted). Precise dates and files are matters for discovery.

**F. Conversion (Count 9)**

Electronic records "indistinguishable from printed documents" can be converted. See Thyroff v. Nationwide Mut. Ins. Co., 8 N.Y.3d 283, 292-93 (2007). Conversion requires control over another's property "interfering with that person's right of possession." See Colavito v. N.Y. Organ Donor Network, Inc., 8 N.Y.3d 43, 49-50 (2006). Prestige alleges that Panov "removed" its information, "exported . . . and/or otherwise appropriated" it, provided it to Gotham, and exercised dominion over Prestige's files and records through their "retention, transfer, disclosure, and use." See DE 24 ¶¶ 92, 123, 129, 236. Whether Prestige was deprived of their use is factual; Pure Power resolved it after a bench trial. See 813 F. Supp. 2d at 536.

**Leave to Amend Should Be Granted If Any Deficiency Is Found**

Dismissal with prejudice is unwarranted. These are Prestige's first counterclaims, no ruling has identified any deficiency, and "[w]ithout the benefit of a ruling, many a plaintiff will not see the necessity of amendment." See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015). Pursuant to § VI.I.3 of the Individual Rules, Prestige advises that it intends to rely on its pleading but, alternatively, requests leave under Rule 15(a)(2)-which provides that "[t]he court should freely give leave when justice so requires" to amend any counterclaim found deficient within thirty days of the Court's decision.

Accordingly, the Court should deny the letter motion for a pre-motion conference on the grounds that it fails to comply with this Court's Individual Rules, or – if this Court chooses to determine the motion on the merits – deem these letters the motion and deny it or, alternatively, grant leave to amend. Prestige thanks the Court for its attention to this case.

Dated: Jamaica, New York
October 30, 2026

Respectfully submitted,

**SAGE LEGAL LLC**
*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendant*
*Counterclaim-Plaintiff*
*Third-Party Plaintiff*
*Prestige Window Works Corporation*

**<u>VIA ECF</u>**
Spasojevich Law, P.C.
<u>Attn</u>: Lawrence Spasojevich, Esq.
52 Duane Street, 7th Floor
New York, NY 10007-1207
(914) 487-3592 (office)
ls@spasojevichlaw.com

*Attorneys for Plaintiff*
*Counterclaim-Defendant*
*Aleksei Panov, and*
*Third-Party Defendant*
*Gotham Window & Wood Repair Corp.*

## WORD COUNT CERTIFICATION

I, Emanuel Kataev, Esq., hereby certify that the foregoing letter in opposition to Plaintiff's request for a premotion conference (DE 25), which was prepared using the Times New Roman 12-point typeface, complies with the 1,750-word limit set forth in § VI.I.1 of this Court's Individual Practices (Civil) and with Local Civil Rule 7.1(c), in that it contains 1,721 words, excluding the parts of the document that are exempted by Local Civil Rule 7.1(c) (i.e., the caption, signature blocks, and this certificate). In preparing this certification, I have relied on the word count of the word-processing system used to prepare the letter.

Dated: Jamaica, New York
October 30, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendant*
*Counterclaim-Plaintiff*
*Third-Party Plaintiff*
*Prestige Window Works Corp.*

**VIA ECF**
Spasojevich Law, P.C.
Attn: Lawrence Spasojevich, Esq.
52 Duane Street, 7th Floor
New York, NY 10007-1207
(914) 487-3592 (office)
ls@spasojevichlaw.com

*Attorneys for Plaintiff*
*Counterclaim-Defendant*
*Aleksei Panov, and*
*Third-Party Defendant*
*Gotham Window & Wood Repair Corp.*