**Sage Legal LLC**

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

November 4, 2026

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. Anne Y. Shields, U.S.M.J.
100 Federal Plaza, Courtroom 840
Central Islip, NY 11722-4438

**Re: Panov v. Prestige Window Works Corp.**
**Case No. 2:24-cv-8199 (SJB) (AYS)**

Dear Judge Shields:

Defendant Prestige Window Works Corporation ("Defendant" or "Prestige") respectfully submits this initial conference letter jointly with the Plaintiff Aleksei Panov ("Plaintiff" or "Panov") in advance of the initial conference scheduled for Monday, November 9, 2026 at 11:00 a.m

**1. Name of the Case**

Panov v. Prestige Window Works Corp.; Case No.: 2:24-cv-8199 (SJB) (AYS).

**2. Basis for Federal Jurisdiction**

This Court has jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337, and 1343, and has supplemental jurisdiction over Plaintiff state law claims under 28 U.S.C. § 1367. Specifically, PRESTIGE WINDOW WORKS CORPORATION, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the Fair Labor Standards Act ("FLSA") and, at all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendant and engaged in activity involving interstate commerce.

**3. Service and Answer Status**

Defendant has been served in this action and has appeared and an Answer has been interposed.

**4. Counterclaims and Crossclaims**

Defendant has asserted counterclaims against Plaintiff and third-party claims against his competing entity Gotham Window & Wood Repair Corp. See ECF Docket Entry 24.

**5. Facts of the Case**

Plaintiff alleges that Defendant employed him as a window installer from approximately July 25, 2023 through November 5, 2024. His duties included window installation, construction work, and woodwork. Plaintiff alleges that he worked Monday through Friday from 8:00 a.m. to 6:30 p.m. and, during 2023, worked the same hours on Saturdays twice per month. He contends that Defendant paid him at a "piece rate" and failed to compensate him properly for hours worked in excess of 40 in a workweek, failed to maintain accurate time records, and failed to provide required wage notices and accurate wage statements. Plaintiff further alleges that the deficiencies in the wage records and statements impeded his ability to identify and challenge the alleged underpayment. His claims concern unpaid overtime under the Fair Labor Standards Act and New York Labor Law and wage-notice and wage-statement violations under New York Labor Law.

Defendant denies Plaintiff's allegations and denies that Plaintiff is entitled to any relief. See ECF Docket Entry 24. This case is not a wage dispute because Plaintiff was never Defendant's employee; Defendant engaged him as an independent contractor. Defendant denies that it employed Plaintiff during any period, denies the schedule, hours, and piece-rate compensation Plaintiff alleges, and denies that it failed to pay overtime, keep required records, or provide wage notices and wage statements, or that Plaintiff suffered any injury as a result. Plaintiff has been paid all monies owed to him, worked for another entity during all or part of the time he claims to have worked for Defendant, and any recovery must be offset by amounts already paid. Should Plaintiff prove he was an employee, Defendant lacked actual or constructive knowledge of any unreported hours and acted at all times in good faith, so no violation was willful, the two-year FLSA limitations period governs, and liquidated damages are unavailable.

Defendant also asserts nine (9) counterclaims against Plaintiff and seven (7) third-party claims against Gotham Window & Wood Repair Corporation ("Gotham"), the competing business Plaintiff formed on or about October 25, 2024, shortly before his engagement with Defendant ended. Plaintiff was given access to Defendant's nonpublic customer and business information solely to perform services for Defendant; he secretly accessed, copied, and retained that information, continued to access and use it after his engagement ended, and used it to build Gotham and target Defendant's customers, while Gotham copied Defendant's website, trade dress, and invoice. Defendant seeks damages and injunctive relief under the Defend Trade Secrets Act, the Lanham Act, and New York General Business Law § 349, and for common-law trade dress infringement, unfair competition, and conversion, and, should Plaintiff prove he was an employee, for breach of the duty of loyalty and forfeiture of his compensation as a faithless servant.

**6. HIPAA-Compliant Authorizations**

Not applicable.

**7. Informal Paper Discovery**

Without requiring formal document requests, and without waiver of any party's right to seek additional documents in formal discovery beyond the scope of the below, the parties propose to exchange the following nonprivileged materials relevant to Plaintiff's employment and compensation in their respective possession, custody, and/or control, subject to any objections, during the period at issue:

(a) Defendant's payroll records, wage statements, wage notices, records of payments to Plaintiff, and records reflecting Plaintiff's pay rates and any overtime payments;

(b) available time records, schedules, attendance records, job assignments, work orders, installation logs, and similar records reflecting Plaintiff's working hours and work locations;

(c) employment agreements and policies applicable to Plaintiff concerning timekeeping, compensation, overtime, and wage notices;

(d) relevant communications between Plaintiff and Defendant concerning work schedules, hours, compensation, overtime, or requests for payment; and

(e) Plaintiff's available personal records of hours worked, pay records, relevant communications, and an itemized calculation of the unpaid wages and other relief sought, with the supporting records presently available to him.

In addition, Plaintiff will produce the following nonprivileged materials for the period from the start of his engagement with Defendant to the present, relevant to his status, the hours and compensation he alleges, and Defendant's counterclaims:

(f) Plaintiff's federal and state income tax returns for 2023 and 2024, with all Forms W-2, 1099, and K-1, Schedules C and SE, and other attachments;

(g) documents reflecting all work Plaintiff performed for, and all compensation or income he received from, any person or entity other than Defendant, including Gotham, until November 5, 2024.

(h) text, WhatsApp, Telegram, and other messages, and emails, between Plaintiff and any of Defendant's principals, workers, or customers concerning his work, hours, compensation, or status,

(i) all documents and information Plaintiff obtained from Defendant or its systems, in any form, including customer names and contact information, service histories, estimates, quotations, pricing, invoices, lead information, photographs, forms, and templates, together with documents sufficient to identify each device, account, and storage location on which he has kept any of it and any access to Defendant's systems after his engagement ended;

(j) documents concerning the formation, ownership, of Gotham;

(k) communications between Plaintiff and any person, including Gotham, its personnel, and any web designer, photographer, or printer, concerning Defendant, Defendant's customers or information, or the creation of Gotham's website, advertising, logo, or invoice.

The parties will complete this informal exchange by December 28, 2026.

Defendant, Prestige, maintains that a discovery schedule for the release of documents by Gotham is necessary for this joint letter. Plaintiff's counsel maintains that he cannot bind Gotham to any obligation for the disclosure of documents as Gotham has not appeared and does not have counsel. Notwithstanding, the above, Defendant requests that Gotham, once appears with representation, discloses the following:

*Upon its service and appearance,*[1] *Gotham will produce the following nonprivileged materials for the period from its formation to the present, and Plaintiff will produce any such materials within his possession, custody, or control:*

*(o) Gotham's certificate of incorporation, ownership and officer records, and documents sufficient to identify its owners, officers, and workers and Plaintiff's role in it;*

*(p) Gotham's payroll records, Forms W-2 and 1099, and records of all payments and distributions to Plaintiff, and any time, job, and assignment records for work Plaintiff performed for Gotham;*

*(q) documents sufficient to identify each customer to whom Gotham has offered or provided services, the date, location, and price of each job, and the source of each lead, and all communications with any person who was a customer or prospective customer of Defendant;*

*(r) documents sufficient to show Gotham's revenues, costs, and profits, including its federal and state tax returns and financial statements;*

*(s) all documents and information Gotham obtained, directly or indirectly, from Defendant or Plaintiff that originated with Defendant, and documents sufficient to identify each device, account, and storage location on which it has been kept;*

*(t) documents concerning the design, development, and publication of Gotham's website, logo, advertising, and invoice form, including all versions, design files, and communications and agreements with web designers, photographers, videographers, and printers;*

*(u) Gotham's contractor licenses and license applications in New York City, Nassau County, and Suffolk County; and*

*(v) any insurance policy that may cover Defendant's third-party claims, and any indemnification agreement between Gotham and Plaintiff.*

---

[1] Plaintiff objects to the inclusion of these requests as Gotham has not yet been served nor appeared.

**8. Next Joint Status Letter and Telephone Conference**

The parties propose to submit their next joint status report on January 29, 2027 and respectfully request a telephonic status conference on February 5, 2027, subject to the Court's availability. The joint status report will update the Court on the completion of the informal discovery exchange, identify any outstanding issues, and address the next steps in the case.

**9. Consent to Magistrate Judge Jurisdiction**

The parties have discussed whether to consent to Your Honor's jurisdiction for all purposes, including trial, final entry of judgment, and direct review by the Court of Appeals for the Second Circuit. The parties do not jointly consent.

Defendant thanks this honorable Court for its attention to this case.

Dated: Jamaica, New York
November 4, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

By: */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendant*