UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALEKSEI PANOV
Plaintiff,

Case No. 2:24-cv-8199

vs.

PRESTIGE WINDOW WORKS CORPORATION
Defendant.

**ORDER IN FLSA CASE REQUIRING DISCOVERY AND SETTING INITIAL PRETRIAL SCHEDULE**

The Federal Rules of Civil Procedure require a pretrial schedule tailored to the circumstances of each case. Fed. R. Civ. P. 16, 1. The following order implements that requirement for cases based on the Fair Labor Standards Act (FLSA).

The Rule 26(a)(1) provisions on initial disclosures are waived in this case. Instead, the parties must utilize the following discovery protocol and comply with the following deadlines and requirements.

1. By December 28, 2026, the parties must serve each other (but not file), to the extent in their respective possession, custody, and/or control, copies of the following:

Plaintiff[1]: The documents in the Plaintiff's possession, custody, or control that pertain to the unpaid wages claimed in the Complaint.

Defendant. The time sheets or other time records and payroll records in the Defendant's possession, custody, or control that pertain to work the Plaintiff performed during the period for which the Plaintiff claims unpaid wages, the policies and practices on compensating workers performing the relevant type of work.

2. By January 10, 2026, the Plaintiff must answer the Court's Interrogatories attached to this Order, under oath or penalty of perjury and serve a copy on the Defendant.

3. By January 22, 2027, after the Plaintiff serves answers to the Court s Interrogatories, counsel for the Plaintiff and the Defendant must meet and confer in person in good-faith effort to settle all pending issues, including attorneys fees and costs. The parties, including a representative of each corporate party with full authority, will at a minimum, be available by telephone during the conference to consider and approve any settlement.

---

[1] If there is more than one Plaintiff or Defendant, the singular reference to the Plaintiff or Defendant includes the plural.

4. By January 29, 2027, within 7 days after the conference referenced above, counsel must jointly file a Report Regarding Settlement that notifies the Court:

> (1 ) whether the parties have reached an agreement in principle to settle the case and will be submitting that agreement to the Court for review and approval (2)whether the parties have not settled the case but want to continue settlement discussions with each other for a specific period, not to exceed two weeks (3) whether the parties are unable to reach settlement, at which point the Court will refer the action to mediation.

5. Until the parties file the Discovery Planning Report, all discovery in this case is STAYED, except as provided in this Order.

6. In the case of an individual party who is not represented by counsel, the individual must comply with the provisions of this Order.

7. In the event no settlement is reached under these procedures, and this Court later grants a motion permitting notice to be sent to similarly situated individuals advising them of their right to opt in, the limitations period for any person receiving notice will be tolled from the date of this Order until the parties file their Rule 26(f) Discovery Planning Report lifting the stay on these proceedings.

8. If the parties settle at a later time, they must immediately advise the Court and promptly submit a joint motion to approve the settlement.

9. Due to the volume of cases based on the FLSA, the Court expects strict adherence to these deadlines and requirements. Exceptions will be granted only for compelling reasons.

10. The parties may move to alter this schedule for good cause. Any such request shall only be made after the parties confer, and shall be made by joint letter request filed via this Court's ECF System.

Dated:

Central Islip, New York

____________________________

Counsel of Record

Unrepresented Party

______________________

ANNE Y. SHIELDS
United States Magistrate Judge